No. 99-543

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 281

300 Mont. 469

8 P.3d 88

AMY LYNNE SIEFKE,

Petitioner/Appellant and

Cross-Respondent,

v.

MILFERD SIEFKE,

Respondent and

Cross-Appellant.

APPEAL FROM: District Court of the Nineteenth Judicial District,

In and for the County of Lincoln,

The Honorable Michael Prezeau, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Scott B. Spencer, Libby, Montana

For Respondent:

Amy N. Guth, Libby, Montana

Submitted on Brief: July 13, 2000
Decided: November 14, 2000

Filed:

_____

Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

¶1 Amy Lynne Siefke appeals the judgment of the Nineteenth Judicial District Court, Lincoln County, dissolving her marriage to Milferd Siefke and distributing the marital estate. We affirm.

¶2 Amy raises the following issues on appeal.

1. Whether the District Court erred in its treatment of the equity in the marital home. Milferd cross-appeals this issue.

2. Whether the District Court committed reversible error in the manner in which it allocated debts and personal property.

3. Whether the District Court erred in its inclusion of health insurance premiums in the calculation of child support.

Facts

¶3 Amy and Milferd Siefke were married on December 9, 1989 and were finally separated in September of 1998. There are two children of the marriage, both are minors. Each of the parties has worked at several different jobs during the marriage. Most recently, Amy has worked as a bookkeeper for a concrete company and as a waitress, in addition to running their bed and breakfast business. Milferd has also worked in their bed and breakfast as well as working as a guide and taxidermist. The couple owns a home as well as personal property. The parties have accumulated significant debt, relying in part, on

credit cards and on loans from the respondent's mother.

¶4 In 1991 the couple acquired a home from Milferd's mother, Margaret Halvorson. Halvorson sold the parties the marital home under a contract for deed for $50,000. At the time of sale, the value of the property was approximately $131,000. Milferd and Amy were to pay $50,000 under a contract for deed. The payments were to be made on a life insurance policy on Mrs. Halvorson's life, with Milferd's siblings as the beneficiaries. The couple was able to purchase the home valued at $131,000 for $50,000, representing an advance on Milferd's inheritance of $81,000. The District Court found that this was an estate planning device. Since that time, the parties have converted this home into a bed and breakfast, and made other improvements to the property. The property has appreciated in value to approximately $225,000

¶5 In its distribution of property, the District Court subtracted Milferd's inheritance advance of $81,000 as well as the remaining debts on the residence from the appraised value of the home. The court then divided the equity in the home and the marital debt equally, with the exception of a credit to Milferd for half of the debts he paid after separation. With a few exceptions, the personal property was divided according the parties' agreement.

¶6 Other facts will be set forth as necessary.

## Standard of Review

¶7 On appeal, this Court reviews a trial court's division of marital property to determine whether the findings upon which the court relied are clearly erroneous and whether the court correctly applied the law. *In re Marriage of Danelson* (1992), 253 Mont. 310, 317, 833 P.2d 215, 219-20. In reviewing discretionary trial court rulings, including marital estate distributions and the valuations of marital property pursuant to dissolution, we determine whether the district court abused its discretion. *In re Marriage of Rada* (1994), 263 Mont. 402, 405, 869 P.2d 254, 255.

## Discussion

¶8 **1. Whether the District Court erred when it excluded a portion of the equity in the marital home from the marital estate**.

¶9 Both of the parties disagree with the District Court's treatment of the equity in the marital home. Amy claims she is entitled to half of the present value of the home, without regard to the inheritance. On cross-appeal, Milferd claims that he is entitled to the entire present value of the residence, with credit to Amy for one-half the amount paid over the years on the life insurance policy.

¶10 Amy claims that the District Court erred in excluding the $81,000 in equity from the marital estate as an inheritance. She argues that the property was co-mingled with the marital property, that her contributions to the property were significant and that the gift was to the two of them as a couple, not to Milferd alone.

¶11 Milferd's contention is that the court erred in not treating the marital equity in the home as the difference between the present appraisal and the appraisal at the time of purchase. He claims that Amy is only entitled to a share of the appreciation on the value of the house. Milferd either misunderstands or misconstrues the calculations done by the Court. His argument ignores the contract for deed that the parties made in purchasing the home. The parties were to purchase the house for $50,000. They signed a contract and made payments during the marriage toward that contract. The debt remaining on that contract is included in the marital debt by the court.

¶12 Distribution of a marital estate is controlled by § 40-4-202, MCA, which provides, in relevant part:

> In a proceeding for dissolution of a marriage . . . the court, without regard to marital misconduct, shall, and in a proceeding for legal separation may, finally equitably apportion between the parties the property and assets belonging to either or both, however and whenever acquired and whether the title thereto is in the name of the husband or wife or both. . . In dividing property acquired prior to the marriage; property acquired by gift, bequest, devise or descent; property acquired in exchange for property acquired before the marriage or in exchange for property acquired by gift, bequest, devise, or descent; the increased value of property acquired prior to marriage; and property acquired by a spouse after a decree of legal separation, the court shall consider those contributions of the other spouse to the marriage, including:
>
> (a) the nonmonetary contribution of a homemaker;

(b) the extent to which such contributions have facilitated the maintenance of this property; and

(c) whether or not the property division serves as an alternative to maintenance arrangements.

This section provides for equitable distribution of the property, taking into consideration the contributions of the non-acquiring spouse to its preservation or appreciation. In these cases, the non-acquiring spouse is entitled to an equitable share of the appreciated or preserved value which is attributable to his or her efforts. *In re Marriage of Smith* (1994), 264 Mont. 306, 312, 871 P.2d 884, 888; *In re Marriage of Herron* (1980) 186 Mont. 396, 405, 608 P.2d 97, 100.

¶13 Neither party is perfectly happy with the result reached by the District Court. As in most dissolution cases, they each feel entitled to a larger share of the marital property than they were awarded. Given the facts in this case, however, the division of marital equity in the home by the judge was logical.

¶14 Milferd is entitled to an exclusion from the marital estate in the amount that the District Court determined represented an advance on his inheritance. That amount consists of the difference between the amount that the couple purchased the home for and the value of the home at the time of purchase. That difference is $81,000.

¶15 It is clear from the record that Amy put substantial time, effort and money into improving the home during the marriage. Amy worked several jobs to support the family and the bed and breakfast. She also supported the family and the home for nearly a year while her husband was in a pre-release center. As Amy clearly contributed to the purchase and to the increase in value on the house, Amy is entitled to half of any equity in the house that represents the amount that they paid for the house during the marriage in addition to the appreciation that occurred during the marriage. She is not however, entitled to the equity in the house that represents a gift from Milferd's mother. The court determined that this was a gift that was intended to be for Milferd's benefit, and that conclusion is supported by the record.

¶16 We find that the District Court did not err in its apportionment of equity in the marital home.

**¶17 2. Whether the District Court committed reversible error in the manner in which it allocated debts and personal property.**

¶18 Amy argues that the District Court improperly valued and distributed the marital estate. She alleges that the court committed reversible error in the manner in which it allocated debts and personal property. She argues that the court's calculations were unfairly skewed in favor of Mel. Testimony was given regarding the debt owed by the parties and the value of property owned by the parties.

¶19 Amy disagrees with the determination of the court on a variety of issues. She believes that she is entitled to a credit for equity from a home she acquired prior to the marriage. However, the record shows that the home was sold shortly after the parties married and that the proceeds were not kept separately, but were used to pay various household expenses. She also disagrees with the court's determination that timber on the property should not be valued separately from the property. The testimony offered as to the separate value of timber on the property was by no means unequivocal and the court's determination that it would not be included as a separate asset is supported by the record. In addition, Amy argues that the debt was not allocated correctly by the District Court.

¶20 Ultimately it is up to the District Court to make determinations regarding the valuation and allocation of various assets and debts. The District Court had broad discretion in its task of equitably distributing property in dissolution proceedings. The court has the discretion to adopt any reasonable valuation of property supported by the record. *In re Marriage of Luisi* (1988), 232 Mont. 243, 247, 756 P.2d 456, 459. Considerable discretionary power must be exercised by district courts in these cases. The district courts are obligated to fashion a distribution which is equitable to each party under the circumstances. *In re Marriage of Jones* (1987), 229 Mont. 128, 131, 745 P.2d 350, 352; § 40-4-202, MCA. The courts must seek a fair distribution of the marital property using reasonable judgment and relying on common sense.

¶21 Amy disagrees with the decisions made by the District Court in the valuation and allocation of assets, as well as the court's decisions in allocating the debt. Amy may not be happy with the determinations of the District Court, but that does not make them reversible error.

¶22 We find that the debts included and the values of the assets of the parties are supported by the record and decline to find that the District Court abused its discretion in

its allocation of debts and assets of the parties.

## ¶23. Whether the District Court erred in its calculation of child support.

¶24 Amy objects to the District Court's calculations of child support. She argues that the calculation used by the court included a credit for health insurance premiums paid by Mel. At a post trial hearing on May 26, 1999, Mel requested this credit and Amy did not object, with her counsel specifically saying:

> I certainly don't object to a correct calculation of the - a correct calculation should include any health premiums that he's paying, but we would like documentation and addresses of the people so that we confirm what portions of insurance are for children.

It appears that the documentation requested was given to the court and taken into account in the child support calculations. The court made clear at the hearing that the health insurance premiums were going to be considered in the calculations. If Amy objected to the sufficiency of the evidence, this should have been brought up in the lower court. Amy waived her right to appeal this issue when she did not make her objection in the District Court.

¶25 We will not entertain issues or theories raised for the first time on appeal. *In re Marriage of Binsfield* (1995), 269 Mont. 336, 344, 888 P.2d 889, 894. A district court cannot be placed in error for something which it never had the opportunity to decide.

¶26 We hold that the District Court did not err in including health insurance payments made by Milferd Siefke in its calculations for child support.

¶27 The decision of the District Court is affirmed.

/S/ WILLIAM E. HUNT, SR.

We Concur:

/S/ JAMES C. NELSON

/S/ JIM REGNIER

/S/ KARLA M. GRAY

/S/ TERRY N. TRIEWEILER