No. 04-752

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 311

IN RE THE MARRIAGE OF
IRENE CRILLY,

       Petitioner and Respondent,

  and

DONALD CRILLY,

       Respondent and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DR 03-566
Honorable Susan P. Watters, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Timothy J. Whalen; Whalen & Whalen, Billings, Montana

      For Respondent:

          Jill Deann LaRance; LaRance, Syth & Schwartz, Billings, Montana

Submitted on Briefs:  July 26, 2005

Decided:  December 12, 2005

Filed:

_____
                   Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1     Donald Crilly appeals from the judgment of the Thirteenth Judicial District Court, Yellowstone County, dissolving his marriage to Irene Crilly. We affirm.

¶2     The issues are:

¶3     1. Did the District Court abuse its discretion in valuing and distributing the marital estate?

¶4     2. Did the District Court err in awarding Irene maintenance in the amount of $1,000 per month?

¶5     3. Did the District Court abuse its discretion in adopting Irene's proposed findings of fact?

BACKGROUND

¶6      Irene and Donald Crilly had been married for 43 years when their marriage was dissolved in 2004. They were 69 and 70 years of age, respectively, and their children had all attained adulthood. The only contested issues in the dissolution proceeding were property valuation and distribution, and the maintenance sought by Irene.

¶7     The District Court valued the parties' marital assets at $635,943.08 and their liabilities at $85,383.73. It found that each of the parties had brought either pre-marital or inherited assets to the marital estate, the primary assets of which were two tracts of real property. In light of the parties' debts and limited income, the court determined it would be reasonable for them to sell their 100-acre, undeveloped tract of land to pay off their liabilities and

2

capital gains taxes on the land, and then equally divide any remaining proceeds. The court further found that the parties' second tract of real property--consisting of four undeveloped parcels and a fifth parcel on which their home was located--should be divided between them, with Irene receiving two unimproved 10-acre parcels and the 10-acre parcel on which the home was built. The court awarded Donald the remaining 10- and 12-acre parcels, stock valued at $2,753.32, three airplane hangars and his $8,000 partial interest in an airplane. The court also valued and awarded each party miscellaneous personal property and bank accounts held in his or her name and, with the parties' agreement, awarded each of them half of Donald's $689 monthly pension. The court's net distributions to each party, in addition to half of the monthly pension and half of the proceeds of the land sale after liabilities and capital gains taxes are paid, are $228,416 to Irene and $267,527.08 to Donald.

¶8     The District Court found Donald received Social Security benefits of $1,281 per month, and Irene received Social Security benefits of $426 per month. Donald was in fair health and was able to work part time. He rented his three airplane hangars to others and managed two additional hangars; he also held part-time jobs. The court found Irene was in poor health and had no opportunity to acquire assets or future income and, as a result, the division of assets and maintenance must provide for her for the rest of her life. The court ordered Donald to pay Irene $1,000 each month as maintenance.

¶9     Donald appeals.

STANDARDS OF REVIEW

3

¶10 We review the district court's findings of fact in a dissolution proceeding to determine whether they are clearly erroneous. A finding is clearly erroneous if it is not supported by substantial evidence, the district court misapprehended the effect of the evidence or our review of the record convinces us that the district court made a mistake. *Bock v. Smith*, 2005 MT 40, ¶ 14, 326 Mont. 123, ¶ 14, 107 P.3d 488, ¶ 14 (citations omitted). Absent clearly erroneous findings, we will affirm a district court's division of property and award of maintenance unless we identify an abuse of discretion. *In re Marriage of Payer*, 2005 MT 89, ¶ 9, 326 Mont. 459, ¶ 9, 110 P.3d 460, ¶ 9 (citation omitted). A district court abuses its discretion if it acts arbitrarily without conscientious judgment or exceeds the bounds of reason, resulting in substantial injustice. *In re Marriage of Kotecki*, 2000 MT 254, ¶ 9, 301 Mont. 460, ¶ 9, 10 P.3d 828, ¶ 9.

ISSUE 1

¶11 Did the District Court abuse its discretion in valuing and distributing the marital estate?

¶12 A trial court must "equitably apportion between the parties the property and assets belonging to either or both, however and whenever acquired[.]" Section 40-4-202(1), MCA. In dividing property acquired prior to the marriage or by inheritance, the court must consider the contributions of the other spouse to the marriage, including the nonmonetary contributions of a homemaker, the extent to which such contributions have facilitated the maintenance of the property and whether the property division serves as an alternative to maintenance arrangements. Section 40-4-202(1), MCA.

4

¶13 Donald challenges two aspects of the District Court's determination and valuation of the marital estate. First, he asserts his inheritance from his parents in the late 1980s--with which he purchased the airplane hangars and the interest in the airplane--should not have been included in the marital estate. Second, he contends the evidence at trial does not support the court's valuations of over 20 vehicles and pieces of farm equipment stored in the parties' yard.

¶14 Donald makes passing reference to § 40-4-202, MCA, and *Siefke v. Siefke,* 2000 MT 281, 302 Mont. 167, 13 P.3d 937, for the proposition that inherited property that has not been co-mingled with the marital estate, or property that can be clearly traced to inherited property, must be excluded from the marital estate. He is correct that, in *Siefke,* ¶¶ 12-13, we quoted § 40-4-202(1), MCA, and then affirmed the trial court's exclusion from the marital estate of an advance on an inheritance.

¶15 Exclusion of inherited property from a marital estate is not, however, an absolute rule. In *In re Marriage of Foreman*, 1999 MT 89, 294 Mont. 181, 979 P.2d 193, the husband had inherited a farm in Nebraska at the beginning of the parties' nineteen-year marriage. The wife admitted she had provided no contribution whatsoever to the acquisition or maintenance of the farm, but the district court nevertheless included the farm in the marital estate on equitable grounds that the marital estate had been substantially dissipated in reliance on the husband's representation that his inheritance would enable the couple to pay their sizable marital bills when they decided to retire. We affirmed. *Marriage of Foreman*, ¶¶ 22-23.

5

¶16   In the present case, like in *Marriage of Foreman*, adequate grounds exist for including the inheritance in the marital estate. The District Court found that both parties contributed pre-marital and/or inherited assets to the marital estate: Irene's pre-marital assets and inheritance from her parents enabled them to obtain their 100-acre tract of land, and Donald's inheritance purchased the airplane hangars and interest in the airplane. It also found that Irene maintained the family home, solely performed all household chores, prepared all of the family meals and contributed labor on the family farm. The court then found that, "[g]iven the length of the marriage and both parties' contributions, all assets should be considered as part of the marital estate."

¶17   Under the circumstances presented here, we cannot conclude the District Court's inclusion of the airplane hangars and the interest in the airplane in the marital estate is an abuse of discretion.

¶18   Donald also contends the court erred in failing to state its reasons for adopting Irene's values for the parties' vehicles and farm equipment instead of the values he proposed. Donald points out that, where there is a dispute over property value in a marriage dissolution and the values are widely conflicting, the court must state its reasons for the value it adopts. *See In re Marriage of Taylor* (1993), 257 Mont. 122, 127, 848 P.2d 478, 481.

¶19   The *Marriage of Taylor* requirement for "reasons" arises only when the values diverge widely; otherwise, the district court may select any value within the range of values supported by the evidence. *Marriage of Taylor*, 257 Mont. at 127, 848 P.2d at 481. A district court's valuation of marital property may be premised on expert testimony, lay

testimony, documentary evidence or any combination thereof, as long as the valuation is reasonable in light of the evidence submitted. *In re Marriage of Helzer*, 2004 MT 352, ¶ 15, 324 Mont. 371, ¶ 15, 102 P.3d 1263, ¶ 15 (citation omitted).

¶20    In this regard, we observe that parties to a dissolution of marriage have a duty to assist the trial court in acquiring the information the court needs to determine an appropriate distribution of marital property. When a party fails to introduce credible evidence of value, the trial court is free to utilize credible evidence of value submitted by the other party. *Marriage of Foreman*, ¶ 37 (citations omitted).

¶21    Here, the differences in personal property values offered by Donald and Irene were relatively minor in relation to the total value of the marital estate; in fact, the court stated in Finding No. 16 that the parties agreed on the distribution, if not the values, of the property and that, even if the values were adjusted, the net division of the marital estate would remain equitable. In addition, after Donald testified to his valuations of the vehicles and farm equipment, he admitted on cross-examination that he had listed only three vehicles in response to Irene's discovery request for a list of the values of "any and all vehicles including, but not limited to, automobiles, trucks, recreational vehicles, [and] motorcycles" in which he had an interest, whereas the evidence from both parties at trial was that they owned over 20 vehicles and pieces of farm equipment. Donald also was questioned on cross-examination about the valuation of a 1973 Oliver tractor. He admitted that Irene's valuation of that tractor--which, at $4,000, was more than triple his testimony of its value at trial--matched the value he previously assigned to the tractor in response to a discovery request.

¶22 In light of the quality and quantity of evidence presented to the District Court, the "reasons" rule was not applicable in the present case. Nor did the District Court abuse its discretion in adopting the property values submitted by Irene. We conclude the District Court did not abuse its discretion in valuing the assets in the marital estate.

¶23 Donald next challenges determinations of the District Court as to the parties' debts. The District Court found that credit card debt of $51,117.30 had been incurred to remodel and repair the family home and to cover expenses resulting from serious medical problems of the parties' daughter. Donald points to his trial testimony that he believes the credit card debt is a result of Irene's gambling. He claims the District Court's judgment effectively requires him to pay off half Irene's credit card debts using proceeds of the sale of their 100-acre tract of land. Donald relies on *Michalsky v. Centennial Brewing Co.* (1913), 48 Mont. 1, 14, 134 P. 307, 311, for the notion that if weaker and less satisfactory evidence is offered when it appears stronger and more satisfactory evidence is within the power of the party, the evidence should be viewed with distrust. He contends that, because Irene handled all bill paying during their marriage, she should have offered better evidence as to the source of the credit card debt than her unsupported testimony that the debt represented costs of improvements to the parties' home and medical care for their adult daughter.

¶24 Irene testified that $35,000 to $40,000 of the credit card debt was for improvements she had made to the home in 1993, including new windows, doors, siding, roofing, kitchen cabinets and linoleum. She provided the court with "before" and "after" photographs to support her testimony. In response to questioning about documentary proof of the

origination of the credit card debt, she testified it was her practice to shred papers that she did not need at the end of each year, and that she had probably shredded receipts from the vendors for those home improvements and the 1993 credit card statements showing the origin of that debt.

¶25 We review a trial court's findings of fact under the clearly erroneous standard. *Bock*, ¶ 14. Moreover, the trial court sits in the best position to observe and judge witness credibility, and we will not second-guess its determination regarding the strength and weight of conflicting testimony. *See, e.g.*, *In re Marriage of Horton*, 2004 MT 353, ¶ 19, 324 Mont. 382, ¶ 19, 102 P.3d 1276, ¶ 19 (citation omitted). Here, the District Court exercised its prerogative in resolving the conflict in the evidence concerning the origin of the credit card debt, substantial evidence supports the District Court's findings and the findings are not otherwise clearly erroneous.

¶26 Finally, Donald contends the District Court's division of the marital estate is not equitable because his airplane hangars and interest in the airplane, which he purchased with his inheritance, were wrongly included as marital assets. We determined above that the court did not abuse its discretion by including those items in the marital estate. Therefore, the trial court properly apportioned those assets by including their values in the marital estate and awarding the property itself to Donald.

¶27 The District Court's judgment resulted in a net distribution of property valued at $228,416 to Irene and property valued at $267,527.08 to Donald, plus half of Donald's

pension and half of the excess land sale proceeds to each. We hold the District Court did not abuse its discretion in equitably distributing the marital estate.

ISSUE 2

¶28   Did the District Court err in awarding Irene maintenance of $1,000 per month?

¶29   A trial court's award of maintenance is discretionary, but maintenance cannot be awarded absent statutorily-required findings. *See* § 40-4-203(1), MCA. Maintenance may be awarded only upon findings that the party seeking maintenance (a) lacks sufficient property to provide for her reasonable needs, and (b) is unable to support herself through appropriate employment. Section 40-4-203(1), MCA. The appropriate amount and duration of maintenance is determined by consideration of factors including the financial resources of the spouse seeking it, taking into account marital property apportioned to that spouse; the time necessary for that spouse to acquire sufficient education or training to find appropriate employment; the duration of and standard of living established during the marriage; the age and physical and emotional condition of the spouse seeking maintenance; and the ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance. Section 40-4-203(2), MCA.

¶30   In this case, the District Court found Irene lacks sufficient property to provide for her reasonable needs and is unable to support herself through appropriate employment. The court found Irene's only income is $426 in Social Security benefits, and found reasonable her documented monthly expenses of $1,827. The court further found that Donald had income of $2,745.50 per month including half of his pension payments, that he claimed

minimal expenses, and that the parties would have relatively equal monthly incomes if Donald paid Irene maintenance of $1,000 each month.

¶31    Donald claims the record shows Irene was capable of working and will have sufficient property and income to support herself. He cites the clearly erroneous standard of review of findings of fact, and claims the third part of that standard, if not the first two, is "clearly met" in this case. Donald contends Irene will receive "farm lease income and ASCS income" from the three parcels of property she was awarded. He also points out Irene will receive half the net balance of the sale of the parties' 100-acre tract of land which, according to him, will be $37,000.

¶32    The record does not demonstrate any award of income-producing property to Irene. Donald does not cite to any support in the record for either the amount of income he claims Irene will receive from farm leases or "ASCS," or the net balance he claims she will receive after sale of the tract of land. In relation to the former, he admits that, "[u]nfortunately neither party addressed that income amount [farm lease and ASCS] at the time of trial." In relation to the latter, we note that the District Court denied Irene's request for attorney fees on the basis that she should have the ability to pay her attorney fees from the net proceeds of the sale of the real property.

¶33    The District Court's finding that Irene is unable to support herself through appropriate employment is supported by her testimony that, in combination with her age, her health problems--including asthma, fibromyalgia, arthritis, back and hip problems, and residual weakness in the right side of her body following the removal of a tumor from her spinal

11

cord--have resulted in her virtual unemployability. Moreover, while Irene admitted babysitting for a grandchild and working for one week at a fair for her daughter, she testified those activities were not comparable to holding a job.

¶34 Finally, the $1,000 per month in maintenance which the District Court awarded Irene, when added to her Social Security income of $426 per month and half of Donald's monthly pension, is slightly less than the $1,827 in monthly expenses she itemized at trial and the District Court found reasonable.

¶35 After reviewing the record, we conclude the District Court's findings regarding maintenance are supported by substantial credible evidence and the court did not misapprehend the record. Moreover, we are not left with a definite and firm conviction that a mistake has been committed. We hold that the District Court's findings relating to maintenance are not clearly erroneous and the court did not abuse its discretion in awarding Irene maintenance in the amount of $1,000 per month.

ISSUE 3

¶36 Did the District Court abuse its discretion in adopting Irene's proposed findings of fact?

¶37 Donald claims the District Court erred by adopting Irene's proposed findings and conclusions without using independent judgment, citing *In re Marriage of Kukes* (1993), 258 Mont. 324, 328, 852 P.2d 655, 657. He claims the evidence significantly contradicts the findings, but he does not specifically challenge any findings other than those addressed above.

12

¶38 The District Court did not adopt Irene's proposed findings in their entirety; it rejected her proposed finding that Donald should pay her reasonable attorney fees. At any rate, a court is not necessarily prohibited from adopting the prevailing party's proposed findings; the test is whether the findings are sufficiently comprehensive and pertinent to the issues to provide a basis for decision and whether they are supported by the evidence. *Hurley v. Hurley* (1986), 222 Mont. 287, 296, 721 P.2d 1279, 1285 (citations omitted).

¶39 We have determined, above, that the only findings Donald challenges are supported by evidence of record and not otherwise clearly erroneous. Moreover, the findings overall are sufficiently comprehensive and pertinent to the issues to provide a basis for the court's decision. We hold the District Court did not abuse its discretion in adopting most of Irene's proposed findings of fact.

¶40 Affirmed.


/S/ KARLA M. GRAY


We concur:


/S/ PATRICIA O. COTTER
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE