No. 05-371

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 223N

IN RE THE MARRIAGE OF
DIANE C. CARLISLE,

        Petitioner and Appellant,

   v.

STEVEN J. CARLISLE,

        Respondent and Cross-Appellant.

APPEAL FROM:    The District Court of the Eleventh Judicial District,
                In and For the County of Flathead, Cause No. DR-02-601A,
                Honorable Ted O. Lympus, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          C. Mark Hash, Hash & O'Brien, PLLP, Kalispell, Montana

      For Respondent:

          Bruce McEvoy, Johnson, Berg, McEvoy & Bostock, PLLP,
          Kalispell, Montana

                      Submitted on Briefs:  March 15, 2006

                             Decided:  September 6, 2006

Filed:

                  _____
                              Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1     Pursuant to Section 1, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  Its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Steven and Diane sought a divorce after approximately seven and one-half years of marriage.  It was the third marriage for each of them.  Steven was 71 years old and Diane was 62 years old at the time of the dissolution trial in February 2004.  Both have grown children from previous marriages.

¶3     Both parties were medical professionals at the time of their marriage.  Steven holds a medical degree and was a licensed psychiatrist.  Diane has a Masters Degree in social work and was a licensed psychotherapist and clinical social worker.  After getting married, they both closed their professional solo practices, and by mid-1997 were retired with no employment income.

¶4     The District Court found that the parties enjoyed a lifestyle well beyond that of their respective Social Security and pension incomes, and that they spent approximately $2,000,000.00 during the course of their marriage.  Of this total, the court found that Steven's financial contribution was approximately $1,674,000.00, most of which was comprised of withdrawals from his IRA.  Diane's contribution was approximately $219,000.00, much of which came from the liquidation of pre-marital assets.

¶5    The District Court ultimately concluded that the marital estate had a net negative value.  It distributed this negative value equally between the parties.  Diane claims that the manner of evaluation and distribution employed by the District Court constituted an abuse of discretion and resulted in Steven receiving an unfair allocation of his premarital assets.  Diane also appeals the District Court's rejection of her request for spousal maintenance and attorney fees.  We affirm.

## ISSUES

¶6    A restatement of the issues on appeal is:

¶7    Did the District Court abuse its discretion when it determined and distributed the marital estate?

¶8    Did the District Court err when it did not award spousal maintenance to Diane?

¶9    Did the District Court abuse its discretion when it did not award attorney fees to Diane?

¶10   Steven raises the following issue on cross-appeal:

¶11   Did the District Court err when, after awarding Steven all of his premarital Individual Retirement Account (IRA), it failed to allow an offset or other credit for monies disbursed from that account to Diane post-trial, but prior to the date of the District Court's Decree?

## STANDARD OF REVIEW

¶12   In reviewing discretionary trial court rulings, such as marital estate distributions pursuant to dissolution under § 40-4-202, MCA, we determine whether the district court abused its discretion.  *Siefke v. Siefke*, 2000 MT 281, ¶ 7, 302 Mont. 167, ¶ 7, 13 P.3d 937, ¶ 7 (citations omitted).  Section 40-4-202, MCA, is flexible and vests a good deal of discretion in the district court.  As we have stated previously, each case must be looked at

3

individually, with an eye to its unique circumstances. *In re Marriage of Harris*, 2006 MT 63, ¶ 17, 331 Mont. 368, ¶ 17, 132 P.3d 502, ¶ 17 (citations omitted). Additionally, we employ the same standard of review of a trial court's order granting or denying attorney fees. *Somont Oil Co. v. A & G Drilling, Inc.*, 2006 MT 90, ¶ 25, 332 Mont. 56, ¶ 25, 137 P.3d 536, ¶ 25.

¶13 The court may award maintenance only if it finds that the spouse seeking maintenance lacks sufficient property to provide for her reasonable needs and is unable to support herself through appropriate employment. Section 40-4-203(1), MCA. We review a grant or refusal of maintenance to determine whether the district court's findings are clearly erroneous. *In re Marriage of Dorville*, 254 Mont. 111, 113, 836 P.2d 588, 589 (1992) (citations omitted). See also *Harris*, ¶ 16. A district court's findings are clearly erroneous if they are not supported by substantial evidence, if the court misapprehended the effect of evidence, or if our review of the record convinces us that the court made a mistake.

### ISSUE ONE AND CROSS-APPEAL ISSUE

¶14 *Did the District Court abuse its discretion when it determined and distributed the marital estate?*

¶15 *Did the District Court err when, after awarding Steven all of his premarital Individual Retirement Account (IRA), it failed to allow an offset or other credit for monies disbursed from that account to Diane post-trial, but prior to the date of the District Court's Decree?*

¶16 Section 40-4-202, MCA, vests the district court with "broad discretion to distribute the marital estate in a manner which is equitable to each party according to the

4

circumstances of the case." *In re Marriage of Smith*, 270 Mont. 263, 267, 891 P.2d 522, 525 (1995). Section 40-4-202(1), MCA, further provides:

> In making apportionment, the court shall consider the duration of the marriage and prior marriage of either party; the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities, and needs of each of the parties; custodial provisions; whether the apportionment is in lieu of or in addition to maintenance; and the opportunity of each for future acquisition of capital assets and income. . . .

¶17 Equitable distribution does not necessarily mean equal distribution. *Harris*, ¶ 17. Here, the parties had exhausted most of their marital assets as well as their premarital assets. The District Court equitably and equally distributed the net losses to the marital estate between the parties, and equitably distributed the limited remaining assets. It is apparent from the District Court's decision that it carefully assessed the circumstances of the case and considered all of the evidence, together with the relevant factors set forth in § 40-4-202(1), MCA. We therefore resolve both the appeal and cross-appeal property disposition issues by concluding that the District Court did not abuse its discretion in determining and distributing the marital estate.

## ISSUE TWO

¶18 *Did the District Court err when it did not award spousal maintenance to Diane?*

¶19 Section 40-4-203, MCA, sets forth multiple factors to be considered by the district court in determining whether to award maintenance. Diane asserts that she and her psychiatrist presented substantial evidence from which the District Court could conclude that she was unemployable for health reasons and therefore entitled to spousal

5

maintenance. Diane argues that she met the initial threshold established in § 40-4-203(1), MCA, in that she lacked sufficient property to provide for her reasonable needs and is unable to support herself through appropriate employment. She maintains that the District Court should have so ruled and issued a maintenance order based on the factors set forth in § 40-4-203(2), MCA.

¶20 The record reveals that Steven offered substantially different testimony regarding Diane's health prognosis, treatment and future employability. Additionally, the court received evidence as to Diane's monthly Social Security benefits, her annual pension benefits, and her IRA.

¶21 As we have frequently noted, the trial court is in the best position to observe and judge witness credibility, and we will not second-guess its determination regarding the strength and weight of conflicting testimony. *In re Marriage of Crilly*, 2005 MT 311, ¶ 25, 329 Mont. 479, ¶ 25, 124 P.3d 1151, ¶ 25. Additionally, in reviewing findings, we determine if the findings reached by the district court are supported by the evidence; we do not consider whether the evidence could support a different finding. *In re V.F.A.*, 2005 MT 76, ¶ 7, 326 Mont. 383, ¶ 7, 109 P.3d 749, ¶ 7 (citations omitted).

¶22 Here, the District Court exercised its prerogative in resolving the conflict in the evidence concerning whether Diane satisfied the requisite elements for spousal maintenance. The evidence supports the District Court's findings and the findings are not otherwise clearly erroneous.

6

**ISSUE THREE**

¶23 *Did the District Court abuse its discretion when it did not award attorney fees to Diane?*

¶24 We conclude the District Court did not abuse its discretion when it declined to award attorney fees to Diane.

¶25 We have decided this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. The record reveals that substantial credible evidence was presented to support the District Court's denial of spousal maintenance to Diane. The evaluation and distribution of a marital estate and the award or denial of attorney fees are both within the sound discretion of the trial court and will not be overturned absent an abuse of that discretion. It is manifest on the face of the briefs and the record that the appeal of these issues is without merit because there was no abuse of judicial discretion.

¶26 We affirm the judgment of the District Court.


/S/ PATRICIA COTTER

We Concur:

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ BRIAN MORRIS
/S/ JIM RICE