FILED

04/10/2018

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 17-0357

DA 17-0357

IN THE SUPREME COURT OF THE STATE OF MONTANA

2018 MT 84N

IN RE THE MARRIAGE OF:

MERRI A. PASQUINZO,

Petitioner and Appellee,

v.

DOUGLAS P. PASQUINZO,

Respondent and Appellant.

APPEAL FROM:     District Court of the Second Judicial District,
                 In and For the County of Butte-Silver Bow, Cause No. DR-15-252
                 Honorable Kurt Krueger, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Douglas Pasquinzo, self-represented, Deer Lodge, Montana

        For Appellee:

                Bernard J. Everett, Everett Law, PLLC, Anaconda, Montana

                                Submitted on Briefs:  February 14, 2018

                                            Decided:  April 10, 2018

Filed:

                            _____
                                        Clerk

Justice Dirk Sandefur delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Douglas Pasquinzo appeals the decree of dissolution of marriage with Merri A. Pasquinzo. Douglas raises many issues, which we distill to: (1) whether the Second Judicial District Court abused its discretion in dividing the marital estate, and (2) whether the District Court abused its discretion in denying Douglas's motion for rehearing. We affirm.

¶3 Douglas and Merri were married in July 1991 in Butte-Silver Bow County. While married, they acquired a twenty-plus-acre parcel of land in Jefferson County, and they placed a 1982 Bundy trailer on the property. In October 2015, through counsel, Merri filed the petition for dissolution, claiming the marriage irretrievably broken. There was one adult child of the marriage. At the time when Merri filed her petition, Douglas was detained in the Jefferson County Detention Center for a felony offense. He is currently incarcerated for two counts of sexual assault[1] in the Montana State Prison (MSP). Merri resides on the property.

---

[1] The District Court's Decree and Merri's response brief erroneously refer to the convicted offense as sexual intercourse without consent of a minor.

¶4 In her petition for dissolution, Merri requested the bulk of the marital estate. She stated that the property should be awarded to her, and that each party retain their personal property. She further requested the award of the proceeds for the Contract for Deed sale of an adjoining parcel from the property. Merri did not list any liabilities.

¶5 Appearing as a self-represented litigant, Douglas filed an answer and a counter-petition requesting that all assets be split "50/50" and listing all the work, such as clearing stumps and trees and improving the structures, that he put into the property over the years. He stated that he bought the acreage "without Merri!" Douglas countered that the 2015 Toyota truck was leased for Merri and that the proceeds should be split from the sale of the 2011 Dodge truck at "Kelly Blue Book Value."

¶6 The District Court set a scheduling conference in early October 2016 for which both Merri's counsel and Douglas were present. Douglas appeared via telephone. The court issued an order scheduling a non-jury trial on November 18, 2016, and copies of this order were served upon counsel and Douglas, care of MSP. On November 14, 2016, Douglas filed a pleading titled "Dissolution of Marriage" in which he gave the history of his acquisition of and work on the property and reiterated his requested distribution of the real and tangible property. Douglas, however, was not present at the November bench trial. The court issued its findings of fact, conclusions of law, and decree of dissolution of marriage on November 18, 2016. This Court granted Douglas's petition for an out-of-time appeal on July 5, 2017.

3

¶7 "District courts have broad discretion in apportioning a marital estate." *In re Marriage of Richards*, 2014 MT 213, ¶ 13, 376 Mont. 188, 330 P.3d 1193 (citing *In re Marriage of Crowley*, 2014 MT 42, ¶ 26, 374 Mont. 48, 318 P.3d 1031). "When dividing marital property, the trial court must reach an equitable distribution, not necessarily an equal distribution." *Richards v. Trusler*, 2015 MT 314, ¶ 11, 381 Mont. 357, 360 P.3d 1126 (citing *In re Marriage of Kostelnik*, 2015 MT 283, ¶ 18, 381 Mont. 182, 357 P.3d 912; *In re Marriage of Walls*, 278 Mont. 413, 416, 925 P.2d 483, 485 (1996)). This Court will affirm a district court's division of property, absent clearly erroneous findings, unless the court abused its discretion. *Richards*, ¶ 13; *Crowley*, ¶ 26. "The standard of review for discretionary trial court rulings is abuse of discretion." *In re Johnson*, 2011 MT 255, ¶ 12, 362 Mont. 236, 262 P.3d 1105.

¶8 The District Court found that Merri has been a resident of Butte for more than ninety days preceding the filing of her petition. The court concluded that the parties' marriage is irretrievably broken and that there is no prospect of reconciliation. The court stated that Merri, age 68, has inadequate income and financial resources to support herself, while Douglas, age 75, is incarcerated and currently has no personal living expenses. The court awarded the property, valued at $85,000, to Merri based on the reasons that she resides there and "she should not be required to move from the property." Along with the property, the court awarded Merri: (1) the proceeds of $550 per month for the next forty-eight months from the sale of an adjoining parcel; (2) the plow truck and back hoe, valued at $10,000; (3) the 2011 Dodge truck, valued at $30,000; (4) her personal property; and (5) remaining

4

household furniture and appliances. The court pointed out that no party provided evidence of values for the items which were awarded to Douglas. The court awarded Douglas his personal property, including an older International pickup truck, a twelve-foot flatbed trailer, framed prints by Charles M. Russell, and various tools.

¶9 Douglas maintains that these proceedings exhibit "fraud." Citing to Montana case law, he contends that the court erred because it did not equitably divide the marital estate under § 40-4-202, MCA, because Merri receives "everything." *In re Marriage of Crilly*, 2005 MT 311, ¶ 10, 329 Mont. 479, 124 P.3d 1151. Douglas does not address directly why he did not appear at the bench trial.

¶10 Merri responds that the District Court properly considered the factors under § 40-4-202, MCA. She points to the court's consideration of "the age, health, station, occupation, amount and sources of income, . . . and need of each of the parties . . . ." Section 40-4-202(1), MCA. She argues that the court did not abuse its discretion. *Crowley*, ¶ 26. Merri frames the court's decree as equitable and states that Douglas is unhappy with the court's decision, but he does not provide any evidence of errors in fact or law. Merri refers to the procedural errors in this appeal because Douglas never served her a copy of the notice of appeal or requested a transcript for review. M. R. App. P. 4(2)(a) and 8(3). Merri reiterates that while Douglas believes he should have received more marital property, he does not demonstrate any error by the court.

¶11 We recognize the difficulty in managing cases where information and evidence is limited or constrained by a party who represents himself. *In re Marriage of Stevens*, 2011

MT 124, ¶ 3, 360 Mont. 494, 255 P.3d 154. Here, the record is sparse and further limited by various inactions. There are no proposed findings of fact or conclusions of law by either party. No appraisals or other expert testimony was given. Douglas maintains that he was prevented from attending the bench trial, but does not explain what he means in this statement. While apparent that Douglas did not attend the bench trial to present any evidence, he does not have a record that he attempted to appear. From a review of the court's docket, a copy of the order setting the trial was sent to MSP on October 13, 2016. From this docket, Douglas did not file a motion with the court to appear via telephone or videoconference from MSP for either the scheduling hearing or non-jury trial.

¶12 We have upheld the latitude that district courts have in dividing marital properties. "Trial courts, acting in equity, are granted far-reaching discretion to fashion 'a fair distribution of the marital property using reasonable judgment and relying on common sense.'" *Richards*, ¶ 38 (citations omitted). While Douglas may assert that the District Court has no subject matter jurisdiction, the court did pursuant to § 40-4-102(1)(a), MCA. We have stated before that "parties to a dissolution of marriage have a duty to assist the trial court in acquiring the information the court needs to determine an appropriate distribution of marital property." *Crilly*, ¶ 20. Douglas has only partially done so. He filed a pleading captioned "Dissolution of Marriage" stating his version of the history of acquiring the property, his work on the property, and requesting a "50/50" split. It is not clear whether the court considered his pleading at the bench trial because there is no

6

transcript on appeal. The court received Douglas's documents with monetary values for various items after the trial, which was too late for the court to consider.

¶13 This places us in a bind as well. As an appellate court, we are bound by review of the record before us. M. R. App. P. 6(1) and 8(1). Along with a sparse record, there is no transcript of the non-jury trial, which Douglas, as an appellant, has a duty to provide. M. R. App. P. 8(3) and 9(1). We do not agree with the District Court's decree that "[t]he property is *equally* divided as set forth in the foregoing Findings of Fact[]." (Emphasis added.) However, based on what is before this Court and the totality of the circumstances, we consider the division of property equitable. *See Trusler*, ¶ 31 (equitable does not mean equal). We conclude that Douglas has not established that the court's distribution of property amounts to an abuse of discretion. *Richards*, ¶ 31; *Crowley*, ¶ 26.

¶14 Turning to the second issue of any error with the court's denial of Douglas's motion for rehearing, Douglas is constrained again. Douglas has not met his burden of persuasion that the court erred. Merri points out that Douglas has not identified any errors of law or fact as needed either under M. R. Civ. P. 59 or 60. We have held previously that a post-trial motion "may not be used to relitigate old matters, . . . raise arguments which could have been raised prior to judgment, or give a litigant 'a second bite at the apple.'" *Johnson*, ¶ 16 (citation omitted). Douglas sought to introduce the evidence which should have been presented at the November 18, 2016 hearing. We conclude that the District Court did not err or abuse its discretion in denying Douglas's motion for rehearing.

¶15    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.  Because Douglas did not present any evidence to the District Court or a record to this Court that shows any error or abuse of discretion, we affirm the District Court.


                                        /S/ DIRK M. SANDEFUR


We concur:

/S/ MIKE McGRATH
/S/ INGRID GUSTAFSON
/S/ BETH BAKER
/S/ JIM RICE