Chief Justice Mike McGrath delivered the Opinion of the Court.
¶ 1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.
¶ 2 Kathleen Vanuka (Kathleen) appeals from an Eighteenth Judicial District order adopting and affirming the decree of dissolution and division of assets and liabilities from her marriage to Robert A. Vanuka (Robert). We affirm.
¶ 3 On December 28, 2011, Robert petitioned for the dissolution of his marriage to Kathleen. On May 30, 2017, the Standing Master issued her final decree dissolving the marriage and dividing the marital property. Kathleen objected to the division of property. On April 9, 2018, after holding a hearing, the District Court adopted and affirmed the Standing Master's findings of fact, conclusions of law, and final decree of dissolution in full, including her determination that Robert and Kathleen equally divide the equity in the marital home. Kathleen appeals, arguing that the District Court should have awarded her the entire marital home.
¶ 4 This Court reviews a district court's decision in dissolution and division of marital property proceedings for an abuse of discretion. In re marriage of Rudolf , 2007 MT 178, ¶ 15, 338 Mont. 226, 164 P.3d 907 (citing In re Marriage of Crilly , 2005 MT 311, ¶ 10, 329 Mont. 479, 124 P.3d 1151 ). A district court abuses its discretion when it acts arbitrarily without employment of conscientious judgment or exceeds the bounds of reason, resulting in substantial injustice. In re marriage of Rudolf , ¶ 15 (citing In re Marriage of Crilly , ¶ 10). This Court reviews a district court's findings of fact for clear error and conclusions of law for correctness. Bock v. Smith , 2005 MT 40, ¶ 14, 326 Mont. 123, 107 P.3d 488 ; Seubert v. Seubert , 2000 MT 241, ¶ 12, 301 Mont. 382, 13 P.3d 365.
¶ 5 Section 40-4-202, MCA, vests a district court with broad discretion to distribute marital property "equitably, considering all of the circumstances of a particular marriage. The theory of equitable distribution recognizes, and attempts to compensate for, each party's contribution to the marriage." In re Marriage of Bartsch , 2007 MT 136, ¶ 20, 337 Mont. 386, 162 P.3d 72. "Equity, not equality, guides a court's discretion in dividing the marital estate." In re Marriage of Garner , 239 Mont. 485, 488, 781 P.2d 1125, 1127 (1989). Section 40-4-202, MCA, requires that a district court equitably apportion all assets and property regardless of which party acquired the property and when it was acquired. In re Funk , 2012 MT 14, ¶ 19, 363 Mont. 352, 270 P.3d 39.
¶ 6 Kathleen argues that the Standing Master and District Court erred in requiring Robert and Kathleen to equally share in the equity of the marital home. Kathleen specifically argues that equal division was inequitable because she contributed more income to the marital estate during the marriage, she could no longer work due to disability, and Robert had separate inheritance assets, including retirement and investment accounts, while she did not. The Standing Master's detailed findings of fact acknowledged Kathleen's contentions. However, the Standing Master also found that Robert contributed significant amounts of his inheritance to the marital estate during the marriage, Kathleen continued to live in the debt-free home after Robert petitioned for dissolution, Kathleen retained the majority of the items in the home, and Kathleen exclusively collected rent from tenants in the home's lower-level.
¶ 7 The Standing Master considered the circumstances of Robert and Kathleen's particular marriage, as well as each party's unique contributions. Based on her findings of fact, the Standing Master concluded it was equitable to split the equity in the marital home evenly between Robert and Kathleen. Kathleen failed to establish clear error in the Standing Master's findings of fact. The District Court did not abuse its discretion in affirming and adopting the Standing Master's findings.
¶ 8 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.
¶ 9 Affirmed.
We Concur:
JAMES JEREMIAH SHEA, J.
DIRK M. SANDEFUR, J.
BETH BAKER, J.
INGRID GUSTAFSON, J.