FILED

05/06/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0412

DA 24-0412

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 95N

IN RE THE MARRIAGE OF:

PAMELA URELL,

     Petitioner and Appellant,

  and

THOMAS URELL,

     Respondent and Appellee.

APPEAL FROM: District Court of the Fifth Judicial District,
In and For the County of Madison, Cause No. DR-29-2022-06-DU
Honorable Luke Berger, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

      Andrea Collins, Collins Law PLLC, Bozeman, Montana

    For Appellee:

      Lori A. Harshbarger, Kylee A. Gibson, Harshbarger Law Firm, Twin
Bridges, Montana

             Submitted on Briefs: March 26, 2025

                Decided: May 6, 2025

Filed:

_____
          Clerk

Justice Katherine Bidegaray delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Pamela Urell (Pamela) appeals the March 28, 2024 Findings of Fact, Conclusions of Law, and Final Decree of Dissolution of the Montana Fifth Judicial District Court, Madison County. Pamela asserts that the District Court erroneously denied her motion for summary judgment and abused its discretion in distributing the marital estate, denying her spousal maintenance, and denying her attorney fees.

¶3 In March 2022, approximately five months after the parties separated, Pamela filed for divorce from Thomas Urell (Tom). The couple had been married almost 12 years; Pamela was 77; and Tom was 75. Pamela sought, among other things, spousal maintenance and attorney fees. Shortly after the filing, the parties stipulated to entry of a civil no-contact order excluding Tom from the marital home.

¶4 After unsuccessful mediation, the matter proceeded to trial. In June 2023, Pamela filed a motion for partial summary judgment asserting entitlement to at least 50% of the marital home sale proceeds based on Tom's deposition testimony that he wanted to "sell the house and have Pam take half of the . . . proceeds." Pamela sought summary judgment for a minimum 50/50 split, reserving a claim for a higher percentage (she later asked for

70%). Despite the District Court's advisement that it would not resolve distribution on summary judgment, the parties briefed the motion. The court reiterated its position and proceeded to trial.

¶5 The court held a two-day trial on October 2, 2023, and January 9, 2024. Pamela testified extensively about her financial history, property contributions, and employment as a Christian Science practitioner, asserting limited income and financial distress. Tom detailed his premarital assets (Vermont home sold for $330,000), marital financial contributions (including approximately $20,000 in property renovations he made to the marital home he purchased with proceeds from the sale of his premarital Vermont home), and approximately $50,000 of his personal property Pamela sold or bartered after the parties' separation.

¶6 The District Court determined that: (1) the Vermont home was Tom's premarital property; (2) Tom purchased the Ennis, Montana, marital home, valued at $525,000, entirely with Tom's premarital funds from the Vermont home sale; (3) Pamela did not financially contribute to the Ennis property; (4) Pamela's personal property was valued at the higher end of her representations; and (5) instead of selling her property, Pamela disposed of a large amount of Tom's property. Consequently, the District Court credited Tom for his contributions and losses and ordered the remaining proceeds of the Ennis home sale divided equally.

### 1. Summary Judgment.

¶7 We review the grant of summary judgment de novo, using the same M. R. Civ. P. 56 criteria used by the district court. *Volk v. Goeser*, 2016 MT 61, ¶ 18, 382 Mont. 382, 367 P.3d 378. Summary judgment is proper when no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. M. R. Civ. P. 56(c)(3).

¶8 Pamela sought summary judgment based on isolated deposition statements, suggesting agreement to a minimum 50% property division. These statements alone did not resolve numerous critical contested issues necessary for determining an equitable distribution. *See* § 40-4-202, MCA (factors a court "shall consider" in apportioning martial property); § 40-4-203, MCA (spousal maintenance). Thus, we hold the District Court did not erroneously deny summary judgment.

### 2. Distribution of Marital Estate.

¶9 "The distribution of marital property in a dissolution proceeding is governed by § 40-4-202, MCA, under which a trial court is vested with broad discretion to distribute the marital property in a manner that is equitable to both parties." *Richards v. Trusler*, 2015 MT 314, ¶¶ 11-12, 381 Mont. 357, 360 P.3d 1126. "When dividing marital property, the trial court must reach an equitable distribution, not necessarily an equal distribution." *Paschen v. Paschen*, 2015 MT 350, ¶ 16, 382 Mont. 34, 363 P.3d 444. "The district court's apportionment of the marital estate will stand unless there has been a clear abuse of discretion as manifested by a substantially inequitable division of the marital assets

resulting in substantial injustice." *Richards*, ¶¶ 11-12; *In re Marriage of Ash*, 2024 MT 273, ¶ 12, 419 Mont. 111, 558 P.3d 1169.

¶10 Pamela contends the District Court ignored her contributions, age, and employability. However, the court appropriately weighed conflicting testimony regarding Pamela's limited role in household duties and minimal financial contributions. *See Marriage of Bliss*, 2016 MT 51, ¶ 17, 382 Mont. 370, 367 P.3d 395 (court credibility determinations upheld).

¶11 Pamela contends, for the first time on appeal, that she co-owned the Vermont property based on her name appearing on the deed. This argument contradicts her own testimony establishing that the Vermont home was Tom's premarital property and its sale proceeds funded the purchase of the Ennis marital home for $106,951.34. Thus, the District Court correctly characterized the Vermont property as Tom's premarital asset.

¶12 Regarding the renovation expenses, Pamela conceded Tom's substantial renovations and repairs to the Ennis home, although Tom did not document all costs. Tom's uncontroverted testimony sufficiently established that he contributed $20,000 to renovations. *See State v. Bowen*, 2015 MT 246, ¶ 30, 380 Mont. 433, 356 P.3d 449 ("[t]he testimony from any one witness," if believed, "is sufficient to prove any fact in a case").

¶13 Finally, Pamela admitted that she disposed of Tom's property and did not credibly dispute Tom's $50,000 valuation of Tom's property Pamela bartered or sold. The District Court reasonably credited Tom for his losses. We hold the District Court's distribution of the parties' marital estate was equitable and not a clear abuse of discretion.

5

### 3. Spousal Maintenance.

¶14 A court may order spousal maintenance "only upon findings that the party seeking maintenance lacks sufficient property to provide for her reasonable needs and is unable to support herself through appropriate employment." *In re Marriage of Crilly*, 2005 MT 311, ¶ 29, 329 Mont. 479, 124 P.3d 1151 (citing § 40-4-203(1), MCA). Pamela's financial resources, including personal property she once valued at $300,000, social security income, and anticipated proceeds from the home sale, sufficiently meet her reasonable needs. Thus, denying maintenance was appropriate. We hold the District Court did not abuse its discretion in denying Pamela maintenance.

### 4. Attorney Fees.

¶15 Section 40-4-110(1), MCA, allows a trial court to award attorney fees "after considering the financial resources of both parties." *In re Marriage of Brownell*, 263 Mont. 78, 85, 865 P.2d 307, 311 (1993) (§ 40-4-110, MCA, "attorney fees are based on the respective financial resources of the parties and not based on which party prevailed"). An award of attorney fees under § 40-4-110, MCA, "must be reasonable, based on necessity, and rooted in competent evidence." *Weibert v. Weibert*, 2015 MT 29, ¶ 10, 378 Mont. 135, 343 P.3d 563. We will not overturn a trial court's decision regarding attorney fees absent an abuse of discretion. *In re Marriage of Deist*, 2003 MT 263, ¶ 15, 317 Mont. 427, 77 P.3d 525. Neither party substantiated the reasonableness or necessity of their fees. Implicit in the court's denial of fees is a finding that the parties possessed sufficient financial resources

to pay their own costs and attorney fees. We hold the District Court did not abuse its discretion in declining to award Pamela attorney fees under § 40-4-110, MCA.

¶16 We decide this case by memorandum opinion pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. We affirm the District Court's March 28, 2024 Findings of Fact, Conclusions of Law, and Final Decree of Dissolution in its entirety.

/S/ KATHERINE M BIDEGARAY

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ INGRID GUSTAFSON
/S/ JIM RICE

7