No. 99-437

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 60

299 Mont. 33

996 P. 2d 381

IN RE THE MARRIAGE OF

JEANNE ANN GEROR,

Petitioner and Appellant,

and

DAVID GEORGE GEROR,

Respondent and Respondent.

APPEAL FROM: District Court of the Eleventh Judicial District,

In and for the County of Flathead,

The Honorable Katherine R. Curtis, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Donald E. "Gene" Hedman, Hedman, Hileman & Lacosta;

Whitefish, Montana

For Respondent

Bruce McEvoy, Warden, Christiansen, Johnson & Berg;

Kalispell, Montana

_____

Submitted on Briefs: December 16, 1999

Decided: March 9, 2000

Filed:

_____

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

¶1.The Petitioner, Jeanne Ann Geror, petitioned the District Court for the Eleventh Judicial District in Flathead County to dissolve her marriage to David George Geror, the Respondent. Following a trial, the District Court granted Jeanne's petition and distributed the former couple's property. Jeanne appeals the District Court's apportionment of David's and her property. We affirm the District Court.

¶2.The following issues are presented for review:

¶3. Did the District Court err when it found that Jeanne and David's marriage was irretrievably broken at the time of their separation?

¶4. Did the District Court err when it valued Jeanne and David's assets at the time of their separation?

¶5. Did the District Court err when it apportioned Jeanne and David's property?

## FACTUAL BACKGROUND

¶6.Jeanne and David married on October 8, 1987. They had no children togther. Jeanne, however, had children from her previous marriages. The couple lived together for two years, until they had a domestic dispute on November 5, 1989. On November 6, 1989, David moved from the home and the parties have lived separately ever since.

¶7. The District Court found that even though Jeanne and David occasionally spent time together, Jeanne and David lived separate lives following their separation. With the exception of $300 per month, which David gave to Jeanne to help her raise her children, the District Court found that David and Jeanne also lived separate financial lives. They did not seek each other's advice or consent concerning financial decisions. The District Court found that in the nine years Jeanne and David were separated, Jeanne made one telephone call and wrote one letter to assist David with financial matters. They did not own property jointly. They both had separate retirement plans; neither contributed to the other's plan; and neither was the beneficiary of the other's plan. The District Court also found that they provided no nonmonetary support for each other.

¶8. On January 23, 1998, Jeanne petitioned to dissolve her marriage to David. The District Court held a trial at which both Jeanne and David testified. Jeanne testified that she did not consider the marital relationship ended until the fall of 1997.

## STANDARD OF REVIEW

¶9. We review a district court's findings on which division of marital property is based to determine whether they are clearly erroneous. *In re Marriage of Lee* (1997), 282 Mont. 410, 421, 938 P.2d 650, 657. If the district court's findings are not clearly erroneous, we will affirm the district court unless there has been an abuse of discretion. *Lee*, 282 Mont. at 421, 938 P.2d at 657.

## ISSUE 1

¶10. Did the District Court err when it found that Jeanne and David's marriage was irretrievably broken at the time of their separation?

¶11. Before a court can enter a decree of dissolution it must find that the marriage is irretrievably broken. Section 40-4-104(1)(b), MCA. The determination that a marriage is irretrievably broken is a "judicial function rather than a conclusive presumption arising from the parties' testimony or from the petition." *In re the Marriage of Kraut* (1985), 215 Mont. 170, 173, 696 P.2d 981, 982.

¶12. A finding that the marriage is irretrievably broken must be supported by evidence "that the parties have lived separate and apart for a period of more than 180 days preceding" the filing of the petition for dissolution, or "that there is serious marital discord

that adversely affects the attitude of one or both of the parties towards the marriage." Section 40-4-104(1)(b)(i) and (ii), MCA. "Evidence supporting either of these determinations must be presented at a hearing and the court must thereafter make a finding whether or not the marriage is irretrievably broken." *Kraut*, 215 Mont. at 173, 696 P.2d at 984. Once the court finds that the marriage is irretrievably broken and satisfies the other requirements of § 40-4-104, MCA, the court shall enter a decree of dissolution.

¶13.Jeanne contends that the District Court's findings of fact and conclusions of law are based on the erroneous premise that David's and her marriage was irretrievably broken in November 1989. Jeanne argues that because their marriage was not irretrievably broken until she filed her petition for dissolution in December 1997, the District Court should have valued their property at that time.

¶14.However, after reading the District Court's findings and conclusions in their entirety, we conclude that although the District Court discusses "irretrievable breakdown" of the marriage in combination with its valuation of property, the point of irretrievable breakdown was not essential to its choice of the time at which the property was valued. Furthermore, it is the point at which, for practical purposes, the marital relationship ended, not the point of irretrievable breakdown which is relevant to the valuation of the marital estate.

¶15.The analysis regarding irretrievable breakdown at § 40-4-104, MCA, is distinct from the criteria for the division of property set forth in § 40-4-202, MCA. The point in time of irretrievable breakdown does not determine when the court values the marital estate or how the court distributes marital property; rather, it provides the necessary basis for dissolving the marriage. Therefore, we conclude that the point at which Jeanne and David's marriage became irretrievably broken was irrelevant to the District Court's distribution of the marital estate, and since Jeanne does not contest the dissolution of her marriage to David, it is not necessary to decide whether there was evidence of irretrievable breakdown at the time of the couple's separation.

## ISSUE 2

¶16.Did the District Court err when it valued Jeanne and David's assets at the time of their separation?

¶17.A district court's apportionment of property between spouses must be equitable.

Section § 40-2-202, MCA; *In re Marriage of Barker* (1994), 264 Mont. 110, 114, 870 P.2d 86, 88. In *In re Marriage of Walls* (1996), 278 Mont. 413, 417, 925 P.2d 483, 485 we stated:

Generally, a district court must determine the net value of the marital estate at or near the time of dissolution, prior to dividing the property. However, this Court has recognized that "under [some] circumstances, selection of a single evaluation point for determining net worth of the parties could create an inequitable disposition." A net valuation by the district court therefore is not always mandatory. Rather, "the test is whether the findings as a whole are sufficient to determine the net worth and to decide whether the distribution is equitable."

(Citation omitted.) Achieving an equitable apportionment of property is more important than designating the moment at which the court should value the property. "The filing of a petition, trial of the matter, or even the granting of the decree of dissolution does not control the proper point of evaluation by the District Court." *In re Marriage of Wagner* (1984), 208 Mont. 369, 377, 679 P.2d 753, 757. Generally, valuing property near the time of dissolution results in equitable apportionment, but in unique circumstances the district court should value property at a different time. *See In re Marriage of Swanson* (1986), 220 Mont. 490, 495, 716 P.2d 219, 222.

¶18.In this case, the District Court found that "this case presents a unique factual situation in which the parties have been married 11 years but only resided together for 2 which merits deviation for the general rule that the marital estate should be valued at or near the time of dissolution." Jeanne contends that she and David's marriage was unconventional and that because she did not consider her marriage to David irretrievably broken until the fall of 1997, valuation of David's and her property before that point is inequitable.

¶19.As we noted previously, the point at which Jeanne and David's marriage was irretrievably broken is not determinative of the point in time that the marital estate should be valued. In this case, Jeanne and David resided at different locations; they maintained separate financial and retirement accounts; they made separate financial decisions; they did not own property jointly; they did not contribute nonmonetary resources to each other; and, with the exception of David giving Jeanne $300 per month, neither contributed to the other's financial resources after they separated. Jeanne and David lived separate lives financially and otherwise, after November 5, 1989. Therefore, we conclude that the District Court did not err when it valued Jeanne and David's assets at the time of their

separation.

## ISSUE 3

¶20.Did the District Court err when it apportioned Jeanne and David's property?

¶21.To arrive at an equitable apportionment of property between spouses, the district court must consider the factors set forth in § 40-4-202, MCA. In *In re Marriage of Meeks* (1996), 276 Mont. 237, 242-43, 915 P.2d 831, 835, we stated:

A District Court has broad discretion in determining the value of property in a dissolution. Its valuation can be premised on expert testimony, lay testimony, documentary evidence, or any combination thereof. The court is free to adopt any reasonable valuation of marital property which is supported by the record. As long as the valuation of property in a dissolution is reasonable in light of the evidence submitted, we will not disturb the finding on appeal.

¶22.In this case, the District Court held that the marital estate should be valued according to its accumulation arising during the two years the parties were together as a marital unit. Jeanne, however, contends that the "division of property is simply not equitable." She argues that the District Court should have awarded her a share of David's 401k retirement benefits that accumulated after she and David separated on November 6, 1989.

¶23.Because Jeanne does not point to facts in the record that indicate the District Court's apportionment of David's and her property is based on findings of fact which are clearly erroneous and because we have concluded that the District Court did not abuse its discretion when it valued Jeanne and David's assets at the time they separated, we conclude that the District Court did not err when it apportioned Jeanne and David's property.

¶24.Accordingly, we affirm the District Court.

/S/ TERRY N. TRIEWEILER

We Concur:

/S/ J. A. TURNAGE

/S/ JAMES C. NELSON

/S/ WILLIAM E. HUNT, SR.

/S/ JIM REGNIER