DA 10-0300

## IN THE SUPREME COURT OF THE STATE OF MONTANA

### 2011 MT 1

IN RE THE MARRIAGE OF:

BRIAN ALEXANDER,

     Petitioner and Appellant,

  and

SUSAN ALEXANDER,

     Respondent and Appellee.


APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Mineral, Cause No. DR 07-2
Honorable John W. Larson, Presiding Judge


COUNSEL OF RECORD:

     For Appellant:

          Torrance L. Coburn and Raymond P. Tipp, Tipp & Buley, P.C., Missoula, Montana

     For Appellee:

          Susan Alexander (self represented), Missoula, Montana


Submitted on Briefs: December 8, 2010

Decided: January 4, 2011


Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1     The Fourth Judicial District Court, Mineral County, entered a decree dissolving the marriage of Brian Alexander (Brian) and Susan Alexander (Susan) and distributing their marital estate.  Brian appeals.  We affirm.

¶2     Brian and Susan were married January 28, 1981.  Susan left the marriage in 2005.  Brian petitioned for divorce on January 22, 2007.  The parties owned a home in Superior, Montana.  According to Brian's initial disclosure, filed with his petition, the home was valued at approximately $70,000 and was encumbered by a mortgage of approximately $40,000.  Brian's initial disclosure also revealed marital debts on the following items: a Dodge Ram pickup ($2,800), Brian's work equipment ($20,000), a loan ($5,000), and a medical loan ($4,500).

¶3     On March 29, 2007, during the pendency of the divorce proceedings, Susan signed a quitclaim deed in which she granted all her interest in the marital home to Brian.  Susan contends this was done under duress and at the request of her adult children.  Nothing was filed with the District Court evidencing any agreement between Brian and Susan to dispose of the marital home in that manner.

¶4     After Susan executed the quitclaim deed, Brian repaired, refurbished, and enhanced the home in order to sell it.  Brian took out a second mortgage on the home for approximately $25,635.  The record shows approximately $4,000 was used to repair the home.  The property sold for $133,500 in July of 2008.  Brian received $55,807.14 from the sale.

2

¶5      Brian made a second disclosure of his assets, debts, income, and expenses on November 12, 2008.  This second disclosure shows Brian acquired two vehicles and one motorcycle.  The debts listed on the initial disclosure - the mortgage ($40,000), the Dodge Ram pickup ($2,800), Brian's work equipment ($20,000), a loan ($5,000), and a medical loan ($4,500) – were not listed.  The second mortgage was also not listed.

¶6      In its Findings of Fact, Conclusions of Law, and Decree (Decree), the District Court found that despite the quitclaim deed, the home remained a part of the marital estate.  It also found that the second mortgage, sale of the marital home, and the acquisition of the two vehicles and motorcycle were all done without the consent of Susan.  The District Court then determined that an equitable distribution of the marital home was as follows:

> In light of the duration of the parties' marriage and their initial position(s) in this case, the Court determines that a 60% division to [Brian] and a 40% division to [Susan] of the remaining proceeds of the house to be equitable and to adequately compensate [Brian] for his share of tax returns and time in maintaining and improving the house.

$55,807 + $21,635 (Second mortgage less $4,000 actual expenses)
$$= \quad \$77,442.00$$
[Brian] 60% or     $46,465.20
[Susan] 40% or     $30,976.80

The Decree was issued on April 23, 2009.  No notice of entry of judgment was filed.

¶7      On June 12, 2009, Susan, acting pro se, filed a Motion for Enforcement, seeking to have the District Court set a deadline for Brian to pay her the $30,976.80.  Brian objected, arguing the only way to enforce a money judgment was to seek a writ of execution pursuant to § 25-13-201, MCA.  The District Court granted Susan's motion and amended the Decree ("Amended Decree") to include a timeline requiring Brian to pay $15,000 on or before

3

October 1, 2009, and $15,976.80 on or before October 1, 2010. The Amended Decree was issued July 28, 2009. No notice of entry of judgment was ever filed. Brian filed his notice of appeal on June 18, 2010, appealing both the Decree and the Amended Decree.

¶8 Brian presents two issues on appeal, restated as follows:

¶9 *Did the District Court err in its valuation and division of the marital property under § 40-4-202, MCA?*

¶10 *Did the District Court err in amending the Decree?*

## STANDARD OF REVIEW

¶11 In a dissolution proceeding, we review a district court's findings of fact to determine whether they are clearly erroneous. *In re Marriage of Crilly*, 2005 MT 311, ¶ 10, 329 Mont. 479, 124 P.3d 1151. A finding of fact is clearly erroneous if it is not supported by substantial evidence, the district court misapprehended the effect of the evidence, or our review of the record convinces us that the district court made a mistake. *Id*. Absent clearly erroneous findings, we will affirm a district court's division of property unless there was an abuse of discretion. *Id*. A district court abuses its discretion if it acts arbitrarily without conscientious judgment or exceeds the bounds of reason, resulting in substantial injustice. *Id*.

## DISCUSSION

¶12 As an initial matter, we note that Brian's appeal was filed approximately one year after the orders he challenges were issued. However, since no notice of entry of judgment was ever filed in this case, the appeal is timely. *In re Marriage of Bell*, 2000 MT 88, ¶ 14,

299 Mont. 219, 998 P.2d 1163; *Horton v. Horton*, 2007 MT 181, ¶ 10, 338 Mont. 236, 165 P.3d 1076.

¶13    *Did the District Court err in its valuation and division of the marital property under § 40-4-202, MCA?*

¶14    Brian argues that the District Court erred when it included the home as part of the marital estate because Susan executed a quitclaim deed transferring all her interest in the home to Brian. Brian also argues the District Court erred when it valued the property at the time he sold it rather than at the time Susan left the marital home. Susan did not file a response brief.

¶15    In a dissolution proceeding, the District Court shall "without regard to marital misconduct . . . equitably apportion between the parties the property and assets belonging to either or both, however and whenever acquired and whether the title thereto is in the name of the husband or wife or both," considering all the circumstances of a particular marriage. Section 40-4-202(1), MCA; *Arnold v. Sullivan*, 2010 MT 30, ¶ 23, 355 Mont. 177, 226 P.3d 594.

¶16    The District Court has broad discretion in determining the value of property in a dissolution proceeding and is free to adopt any reasonable valuation of marital property which is supported by the record. As long as the valuation is reasonable in light of the evidence submitted, we will not disturb the finding on appeal. *In re Marriage of Geror*, 2000 MT 60, ¶ 18, 299 Mont. 33, 996 P.2d 381. Achieving an equitable apportionment is more important than designating the moment at which the court should value the property.

5

*Id.* at ¶ 14. Generally, valuing the property near the time of dissolution results in equitable apportionment, but unique circumstances may call for valuation at a different time. *Id.*

¶17 The District Court did not err in its valuation or distribution of the marital estate. First, although Susan executed a quitclaim deed transferring all her interest in the marital home to Brian, Susan testified that "I did do it under the stipulation he had agreed to keep the house for the kids, and there was an injunction of selling any assets before the divorce, and he did that without my knowing about it." Susan claimed an interest in the home from the beginning of these proceedings. Brian's initial disclosure also stated "dad wants to keep it [the house] for the kids for 4-5 more years." From the record before this Court, the District Court did not err, but rather followed the directive of § 40-4-202(1), MCA, and considered the property irrespective of title and all the circumstances of the marriage.

¶18 Second, regarding the valuation of the property, we also find no error. The District Court valued the property at the time of its disposal by Brian. It found that the second mortgage was entered without Susan's consent, and that Brian sold the home without Susan's consent. The District Court valued the property based upon the proceeds Brian received from the sale, plus the value of the second mortgage, and subtracted the actual costs of improvement. It then awarded 60% to Brian to compensate him for his time in maintaining the home, and for a portion of past tax refunds. Although the parties lived separately for two years before the petition was filed, that did not require the District Court to value the property at the time of separation. An equitable apportionment is more important than designating the moment at which the court should value the property. *In re*

*Marriage of Geror*, ¶ 18. From the record before this Court, we find the District Court's valuation reasonable, given all the circumstances of this case.

¶19 We affirm the District Court's valuation and distribution.

¶20 *Did the District Court err in amending the Decree?*

¶21 Brian argues the District Court erred when it issued the Amended Decree because it was done *sua sponte*, Susan's motion for enforcement does not meet the criteria for amending a judgment, and the Amended Decree provides an improper mechanism for collecting a money judgment. Susan did not file a response brief.

¶22 The District Court did not *sua sponte* amend the Decree. Susan filed a motion to enforce the Decree by setting a deadline for payment, to which Brian responded. This case is not analogous to *Leonard v. Hoppins*, 121 Mont. 275, 191 P.2d 990 (1948), as cited by Brian. In that case, the district court amended a decree without notice to either party, or an opportunity to be heard. That is simply not the present case - Brian was aware of Susan's motion and responded.

¶23 Although Susan's pro se motion was not technically a M. R. Civ. P. 59(g) motion to amend or modify the Decree, that is how the District Court treated it. That aside, and more importantly, no notice of entry of judgment was ever filed as required by M. R. Civ. P. 77(d). Therefore, Susan was free to ask the District Court to modify the Decree at any time. *See In re Marriage of Bell*, ¶ 14; *In re Estate of Holmes*, 183 Mont. 290, 295, 599 P.2d 344, 347 (1979) (time to request the District Court to modify or vacate an order does not begin to run until notice of entry of judgment is filed).

¶24 Finally, Brian is incorrect that the only means of enforcing the judgment is by a writ of execution. *See Alpine Buffalo, Elk & Llama Ranch, Inc. v. Andersen*, 2001 MT 307, ¶ 13, 307 Mont. 509, 38 P.3d 815. Section 25-13-201, MCA, states that the judgment may be enforced by writ of execution, which "expressly recognizes that other means of enforcement are available." *Id*. The district court has "jurisdiction to enter any necessary orders to enforce its judgments." *Id*. at ¶ 12, *citing Smith v. Foss*, 177 Mont. 443, 446, 582 P.2d 329, 331-32 (1978). The District Court did not err in amending the Decree.

**CONCLUSION**

¶25 For the reasons stated above, we affirm.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS

8