# FILED

December 30 2011

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA



DA 11-0286

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 327N

KRISTINE DAVENPORT,

Petitioner and Appellant,

v.

JOHN E. ODLIN,

Respondent and Appellee.

APPEAL FROM:     District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause Nos. DV 09-1083, DV 09-1376
Honorable Edward P. McLean, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Kristine Davenport, self-represented, Missoula, Montana

For Appellee:

Martha E. McClain, Deputy County Attorney, Missoula, Montana

Submitted on Briefs:   December 7, 2011
Decided:   December 30, 2011

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Kristine Davenport ("Davenport") appeals several orders of the Fourth Judicial District Court, Missoula County, denying her numerous applications for writs, affidavits of disqualification, and motions. We affirm.

¶3 We have previously described the procedural history of this case as "mind-numbing" and the current proceeding again proves worthy of such designation. In 2008, Davenport was charged with two misdemeanors (maintaining community decay) in Missoula County. In 2009, Davenport was also charged with another misdemeanor (speeding) in Missoula County. Davenport's public defender in the community decay case withdrew, and Davenport (an attorney herself), began self-representation. After her multiple motions were denied by Justice of the Peace Odlin ("Odlin"), Davenport began what can only be termed as a crusade to disqualify Odlin.

¶4 Davenport filed three affidavits of disqualification, one writ of mandate, two writs of prohibition, and numerous motions in her attempt to have Odlin disqualified. The affidavits make a litany of allegations against Odlin, including: Odlin had "clandestine" ex parte contact with the prosecutor and was "collaborating with the prosecutor to either force me to sign the plea bargain agreement desired by the prosecutor, or failing that, to see that I am

convicted at trial[;]" Odlin was "prosecuting the case against" Davenport; Odlin spoke to Davenport "very angrily[;]" Odlin deprived her of her constitutional rights; Odlin summarily denied her motions; Odlin is friends with Missoula County Sheriff's Deputies and is a former employee of the Montana Highway Patrol; Odlin invades defendants' privacy rights and subjects them to identity theft by requiring defendants to supply their social security numbers, and that Odlin is guilty of various criminal and ethical violations.[1]

¶5    Ultimately, after a hearing, all Davenport's affidavits, writs, and motions were denied, and she was sanctioned in the amount of $2500 for violation of M. R. Civ. P. 11.  The District Court found Davenport levied "unfounded allegations and attacks against the integrity and authority of the courts" which "frivolously delayed the misdemeanor case in Judge Odlin's court, the disqualification case before Judge Bailey, as well as before this Court, and as a consequence has unreasonably increased and burdened the time and resources of the courts and Ms. Davenport's opponents in violation of Rule 11, M. R. Civ. P."  The underlying misdemeanor charges against Davenport have never come to trial.

¶6    Also in this Court, Davenport filed a writ of prohibition (OP 09-0223), a writ of mandamus (OP 09-0481), and a writ of certiorari (OP 11-0298), and the current appeal. However procedurally nightmarish this case may be, in Davenport's own words, "[s]he is simply appealing the court's refusal to disqualify Odlin pursuant to her affidavit[s] of disqualification."  We take Davenport at her word, and address only the affidavits of disqualification.  Since Davenport "did not raise [sanctions] as an issue on this appeal[,]" the

---

[1] This is not an exhaustive list.

District Court's August 23, 2011, Amended Order,[2] sanctioning Davenport $2500 for violation of M. R. Civ. P. 11, will not be addressed as it was not appealed.

¶7 Section 3-1-805, MCA, provides:

> This section is limited in its application to judges presiding in district courts, justice of the peace courts, municipal courts, small claims courts, and city courts.
> 1. Whenever a party to any proceeding in any court shall file an affidavit alleging facts showing personal bias or prejudice of the presiding judge, such judge shall proceed no further in the cause. If the affidavit is filed against a district judge, the matter shall be referred to the Montana Supreme Court. If the affidavit is in compliance with subsections (a), (b), and (c) below, the Chief Justice shall assign a district judge to hear the matter. If the affidavit is filed against a judge of a municipal court, justice court, or city court, any district judge presiding in the district of the court involved may appoint either a justice of the peace, a municipal judge or a city court judge, to hear any such proceeding.
> (a) The affidavit for disqualification must be filed more than thirty (30) days before the date set for hearing or trial.
> (b) The affidavit shall be accompanied by a certificate of counsel of record that the affidavit has been made in good faith. An affidavit will be deemed not to have been made in good faith if it is based solely on rulings in the case which can be addressed in an appeal from the final judgment.
> (c) Any affidavit which is not in proper form and which does not allege facts showing personal bias or prejudice may be set aside as void.
> (d) The judge appointed to preside at a disqualification proceeding may assess attorneys fees, costs and damages against any party or his attorney who files such disqualification without reasonable cause and thereby hinders, delays or takes unconscionable advantage of any other party, or the court.

¶8 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. Having reviewed the briefs and the record on appeal, we conclude that Davenport has not met her

---

[2] This Amended Order was issued to conform with our Order in OP 11-0298, in which we directed the District Court to vacate the contempt portion of its May 5, 2011 Order.

burden on appeal. Davenport's affidavits do not comply with the good faith requirement in § 3-1-805(b), MCA, and she has done nothing on appeal but repeat her unfounded, outrageous, and conclusory accusations against everyone involved in her case. These frivolous and dilatory arguments failed in the District Court, and they fail here.

¶9    Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ BRIAN MORRIS
/S/ JAMES C. NELSON
/S/ BETH BAKER

5