FILED

April 23 2014

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 13-0277

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 109

KRISTINE DAVENPORT,

        Petitioner and Appellant,

   v.

JOHN E. ODLIN,

        Respondent and Appellee.

APPEAL FROM:    District Court of the Fourth Judicial District,
                In and For the County of Missoula, Cause No. DV 09-1083
                Honorable Edward P. McLean, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Kristine Davenport, self-represented, Missoula, Montana

        For Appellee:

            Fred R. Van Valkenburg, Missoula County Attorney, Martha McClain,
            Deputy County Attorney, Missoula, Montana

                          Submitted on Briefs:  April 2, 2014
                                Decided:  April 23, 2014

Filed:

             _____
                          Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1    Kristine Davenport (Davenport) appeals from the Amended Order of the Montana Fourth Judicial District Court, Missoula County, sanctioning her pursuant to M. R. Civ. P. 11 (Rule 11).  We reverse and remand for further proceedings consistent with this Opinion.

## ISSUES

¶2    Davenport's appeal raises twenty-four issues, which are either without merit or unintelligible.  From these, we have distilled the relevant issues to two:

> *1.  Should we review Davenport's claims of error related to the imposition of Rule 11 sanctions, when the Order sanctioning her was set in place two years ago and Davenport had the opportunity to challenge the Rule 11 sanctions in her direct appeal?*
>
> *2.  Did the District Court abuse its discretion when it issued its Amended Order Imposing Rule 11 Sanctions on April 1, 2013?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶3    The present appeal has a history stretching back five years, which we have now twice described as "mind-numbing."  Nonetheless, we revisit that history in an attempt to provide context for the current appeal.

¶4    On September 8, 2009, Davenport filed an Application for Writ of Mandate with the Missoula County District Court, seeking to disqualify Justice of the Peace John Odlin for cause from presiding in two misdemeanor cases against Davenport.  One of these actions involved two counts of maintaining community decay related to "hoarding" on Davenport's Missoula properties and the other was for a speeding ticket.

¶5    The District Court entered a stay of proceedings and assigned Justice of the Peace Jim Bailey of Ravalli County to conduct a hearing and make a determination as to Judge Odlin's

2

ability to sit as a neutral magistrate. On November 3, 2009, Justice of the Peace Bailey sent the District Court a letter stating he was canceling the scheduled disqualification hearing due to Davenport's "adamant refusal" to comply with his Orders. The District Court denied Davenport's motion to disqualify Justice of the Peace Odlin on November 6, 2009, cautioning Davenport that "any further frivolous action on her part will be met with severe sanctions from the Court involved."

¶6 Following that Order, Davenport filed a flurry of motions and briefs. On February 1, 2010, following a hearing, the District Court issued an Opinion and Order, again denying Davenport's motion for disqualification of Justice of the Peace Odlin. In that Order, the District Court advised: "Kristine Davenport moved to disqualify Judge Odlin because of bias because he ruled against her. The clear remedy with dissatisfaction of lower court proceedings is to appeal the decision or verdict, rather than attempting to disqualify the judge."

¶7 Davenport moved for Summary Judgment "Re Attorney-Client Relationship between Judge and Prosecutor" and filed an "Application for Writ of Prohibition." On April 14, 2011, the District Court issued a strongly-worded Order denying both of these requests, granting Justice of the Peace Odlin personal jurisdiction over Davenport, and ordering that Davenport appear at a hearing to show cause why she should not be sanctioned pursuant to Rule 11. Following that hearing, the District Court issued an Order on May 5, 2011, preventing Davenport from filing further motions or briefs with the court; denying several motions she had filed; holding Davenport in contempt; ordering her to pay sanctions in the

3

amount of $2500.00; and providing that Davenport's failure to pay the sanctions would result in her incarceration. The Court also concluded that Davenport was in violation of Rule 11.

¶8     Davenport applied for a Writ of Certiorari with this Court. On June 28, 2011, we issued an Order vacating the parts of the District Court's Order holding Davenport in contempt and imposing a fine or incarceration related to the contempt finding. We denied Davenport's Writ with respect to the Rule 11 sanctions, concluding Davenport had a plain, speedy and adequate remedy of appeal. Consistent with our Order, the District Court amended its Order holding Davenport in contempt to strike any reference to contempt. The Amended Order, dated August 23, 2011, imposed Rule 11 sanctions and ordered Davenport to pay $2,500.00 within thirty days. Davenport appealed to this Court, stating she was "'simply appealing the court's refusal to disqualify Odlin pursuant to her affidavit[s] of disqualification.'" *Davenport v. Odlin*, 2011 MT 327N, ¶ 6, 363 Mont. 417, ___ P.2d ___. Because she did not appeal the Rule 11 sanctions, we did not address that issue. *Davenport*, ¶ 6. In a memorandum opinion, we held that Davenport's affidavits did not comply with the good faith requirement in § 3-1-805(1)(b), MCA, and that her "frivolous and dilatory" arguments failed here, just as they had failed in the District Court. *Davenport*, ¶ 8. Following that Opinion, the District Court, on April 1, 2013, again amended its Order to reinstate the provisions imposing jail time on Davenport should she fail to pay the $2,500.00 Rule 11 sanctions within thirty days. Davenport now appeals, protesting the Rule 11 sanctions.

## STANDARD OF REVIEW

4

¶9 Our standard of review of a district court's decision to grant or deny sanctions under Rule 11 is the following:

> [W]e review de novo the district court's determination that the pleading, motion or other paper violates Rule 11. We review the district court's findings of fact underlying that conclusion to determine whether such findings are clearly erroneous. If the court determines that Rule 11 was violated, then we review the district court's choice of sanction for abuse of discretion.

*Byrum v. Andren*, 2007 MT 107, ¶ 19, 337 Mont. 167, 159 P.3d 1062. A district court retains the necessary flexibility to deal appropriately with violations of Rule 11 and has discretion to tailor sanctions to the particular facts of the case. *Gold Reserve Corp. v. McCarty*, 228 Mont. 512, 515, 744 P.2d 160, 162 (1987).

¶10 A court abuses its discretion if it makes a ruling arbitrarily, unreasonably, or without employing conscientious judgment, which results in substantial injustice. *State v. Hart*, 2009 MT 268, ¶ 9, 352 Mont. 92, 214 P.3d 1273.

## DISCUSSION

¶11 *1. Should we review Davenport's claims of error related to the imposition of Rule 11 sanctions, when the Order sanctioning her was set in place two years ago and Davenport had the opportunity to challenge the Rule 11 sanctions in her direct appeal?*

¶12 Rule 4 of the Montana Rules of Appellate Procedure requires that, in civil cases, a notice of appeal must be filed within thirty days from the date of entry of the judgment or order from which appeal is taken. M. R. App. P. 4(5)(a)(i). In *McCormick v. Brevig*, 2007 MT 195, ¶ 38, 338 Mont. 370, 169 P.3d 352, we explained that the law of the case doctrine provides that a "legal decision made at one stage of litigation which is not appealed when the opportunity to do so exists, becomes the law of the case for the future course of that litigation and the party that does not appeal is deemed to have waived the right to attack that decision

5

at future points in the same litigation." (Citations omitted.) While the law of the case doctrine does not limit this Court's power to reopen what has been decided where circumstances require it, the strong policy favoring finality begs that a court exercise its power to review earlier rulings sparingly. *See North River Ins. Co. v. Philadelphia Reinsurance Corp.*, 63 F.3d 160, 164 (2d Cir. 1995) ("[T]he law of the case doctrine does not limit the power of a court, but merely expresses the practice of courts generally to refuse to reopen what has been decided.") (Internal quotations omitted.)

¶13 Here, Davenport had the opportunity to appeal the Rule 11 sanctions in the direct appeal we resolved in 2011. While we are not barred from considering the issues she raises now, we conclude that the policy favoring finality, along with the time limitations set forth in the Montana Rules of Appellate Procedure, weigh against considering them. We will not further address Davenport's arguments on the Rule 11 sanctions. Thus, the real issue in this appeal is whether the District Court properly issued its 2013 Order.

¶14 *2. Did the District Court abuse its discretion in issuing its Amended Order Imposing Rule 11 Sanctions on April 1, 2013?*

¶15 Rule 60(a), M. R. Civ. P., grants district courts the power to correct clerical errors in judgments at any time, since correction of such errors does not alter the substantive rights of the parties. *Thomas v. Thomas*, 189 Mont. 547, 550, 617 P.2d 133, 135 (1980); *see* M. R. Civ. P. 60(a). Conversely, the Rules of Civil Procedure impose procedural and time restraints on a district court's powers to alter "judicial errors," which affect the substantive rights of the parties. *Thomas*, 189 Mont. at 550, 617 P.2d at 135. As we explained in *Thomas*:

6

> [A] court cannot amend its record to correct a judicial error or to remedy the effect of judicial nonaction. . . . The authority of a court to amend its record by a nunc pro tunc order is to make it speak the truth, but not to make it speak what it did not speak but ought to have spoken . . . .

(Citations and quotations omitted.) Where an error is not clerical, but judicial, a court lacks jurisdiction to amend its order outside of the time limitations and process prescribed by the Rules of Civil Procedure. *Thomas*, 189 Mont. at 550, 617 P.2d at 135.

¶16 In the District Court's May 5, 2011, Order imposing Rule 11 sanctions on Davenport, the District Court also held Davenport in contempt, imposed sanctions related to that contempt and threatened her with jail time if she failed to pay the sanctions within thirty days. In our June 28, 2011, Order responding to Davenport's Writ of Certiorari, we vacated the contempt finding and related sanctions and jail time. We also explained that the Rule 11 sanctions were subject to the normal appeal process. In response, on August 23, 2011, the District Court amended its Order to strike any reference to contempt and jail time, and to impose the original amount of sanctions, instead, related to the Rule 11 violation. Davenport failed to timely appeal from that Order and this matter should have ended there. Instead, a year and a half after our 2011 decision affirming the District Court's denial of Davenport's request to disqualify Odlin—in which we expressly declined to address the Rule 11 issue— the District Court again amended its Order imposing Rule 11 sanctions. The record before us does not reveal the purpose for the District Court's amendment. On this record, we conclude that the District Court incorrectly amended its Order a year and a half after this matter should have terminated.

¶17    As we held in *Thomas*, Rule 60(a) only permits a district court to correct clerical mistakes and oversights in the record; not to alter the record in a way that affects the substantive rights of the parties. A substantive right is "[a] right that can be protected or enforced by law; a right of substance rather than form." *Black's Law Dictionary* 1349 (Bryan A. Garner ed., 8th ed., West 2004). The fundamental liberty interest is a substantive right. *See* Mont. Const. art. II, § 3. The District Court's amendment to its Order, providing that Davenport faces jail time should she fail to pay the $2,500.00 sanctions within thirty days cannot be construed as a mere correction of a clerical error because it impacts her liberty interest. Rather, it appears to be an effort to make the Order "speak what it did not speak but ought to have spoken." If the District Court incorrectly omitted the provisions of its original Order threatening jail time for failure to timely pay the sanctions, that error was judicial and not merely clerical, absent some sort of factual showing to the contrary. Because the amendment to the Order was not clerical, the District Court was jurisdictionally barred from amending the Order. The District Court abused its discretion when it amended the Order to correct a judicial error, a year and a half after this matter should have been settled.

¶18    Where a District Court lacks jurisdiction to amend an Order, the Amended Order must be set aside and the previous Order reinstated. *See Thomas*, 189 Mont. at 552, 617 P.2d at 136. We therefore conclude that the District Court's April 1, 2013, Order must be set aside and its August 23, 2011, Amended Order reinstated.

**CONCLUSION**

¶19    Reversed and remanded for proceedings consistent with this Opinion.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ LAURIE McKINNON

Justice Laurie McKinnon, concurring.

¶20 These proceedings have been time consuming and torturous for the District Court. While I agree that the 2013 Amended Order must be reversed because it affected the substantive rights of Davenport by imposing jail time without proper procedure, the District Court must have a means by which to effectuate its orders. In this instance, Davenport has gone two years without paying the fine imposed by the District Court. Clearly the District Court must address Davenport's noncompliance. However, there are procedures, such as an order to show cause and a hearing, which are available for the District Court when a party refuses to follow a court order. While Davenport has had two appeals to this Court and innumerable hearings before and review from the District Court, the record does not indicate that Davenport was given notice and opportunity to be heard prior to the imposition of the 2013 Amended Order. As the 2013 Amended Order imposed a new condition which substantively affected Davenport's liberty interests, she should have been given an opportunity to address imposition of the new condition before the District Court.

¶21 I therefore concur in the decision of the Court.

9

/S/ LAURIE McKINNON