FILED

February 16 2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0362

DA 15-0362

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 38N

IN RE THE MATTER OF E.E.,
A Youth in Need of Care.

D.K and J.K.,

      Appellants,

   v.

DEPARTMENT OF PUBLC HEALTH
AND HUMAN SERVICES,

      Appellee.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DN 14-32
Honorable Edward P. McLean, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Robert Terrazas, André Gurr, Terrazas Law Offices, Missoula, Montana

      For Appellee:

      Timothy C. Fox, Montana Attorney General, Katie F. Schulz, Assistant
Attorney General, Helena, Montana

      Kirsten Pabst, Missoula County Attorney, Kelly Henkel, Deputy County
Attorney, Missoula, Montana

                 Submitted on Briefs:  January 13, 2016
                        Decided:  February 16, 2016

Filed:

_____
              Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by unpublished opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      In September 2013, D.K. and J.K. became guardians of 12-year-old E.E. with the intention of adopting him.  The relationship between the guardians and E.E. did not progress well and the adoption plans subsequently were abandoned.  In March 2014, the Department of Public Health and Human Services, Child and Family Services Division (CFS or the Department) initiated a dependent neglect action (DN case) and petitioned for emergency protective services and temporary investigative authority over E.E.  In June 2014, after the legal guardianship between D.K., J.K., and E.E. was dissolved, the Department moved to dismiss D.K. and J.K. from the dependent neglect action.  On the same day, however, CFS filed an administrative proceeding against D.K. and J.K., based upon the same factual allegations contained in the dependent neglect petition, out of concern that D.K. and J.K. might subsequently attempt to adopt another child.

¶3      On August 7, 2014, following a hearing in the DN case, the Fourth Judicial District Court entered an order on the Department's motion, dismissing D.K. and J.K. from the DN action with prejudice, expressly stating:

> For purposes of any other legal action against [guardians]—
> including any past, current, or future actions by CFS or any other person or
> entity—any and all issues and allegations against the [guardians] in this

2

cause, whether express or implicit, shall be deemed to have been fully and finally adjudicated on the merits, including, but not limited to, CFS's prior, concurrent, and subsequent alleged facts and issues in this cause.

¶4 D.K. and J.K subsequently requested that CFS voluntarily dismiss its administrative action. It declined to do so. Therefore, on February 11, 2015, D.K. and J.K. moved for summary judgment in the administrative proceeding. They argued that in light of the District Court's order of August 7, 2014, all actions against them by the Department were fully and finally adjudicated on the merits and dismissed with prejudice, and the Department was not entitled to reopen or substantiate any further allegations against them in the administrative proceeding. No order has been entered on the motion.

¶5 On March 3, 2015, E.E., through his attorney, moved the District Court for entry of a supplemental order "clarifying" the scope and effect of the dismissal of D.K. and J.K. from the DN proceeding. He was joined in the motion by his present custodians on behalf of the Department. On March 9, 2015, before D.K. and J.K. had an opportunity to respond to the motion, the District Court issued its "clarifying" order, noting that:

> This [c]ourt has not heard testimony on the merits of the original allegations of this case, as the former guardians were dismissed for their lack of standing prior to the [c]ourt making such a determination.

> This [c]ourt's prior Order Dismissing [D.K. and J.K.] with Prejudice therefore is only to be construed as a final ruling on the [former guardians'] standing to proceed as a party in the above-captioned Dependent and Neglect Matter.
>
> . . .
>
> The Order dismissing the [former guardians] from the above captioned Dependent-Neglect case has no effect on any administrative proceeding by the Department . . . regardless of whether the administrative

3

proceeding is on the same facts or allegations in the above referenced Dependent-Neglect case.

¶6 On June 15, 2015, D.K. and J.K. appealed the March 2015 order on the grounds that the District Court lacked the authority to issue an amended order and that the court denied them due process when it issued its order without providing them the opportunity to respond to the Department's motion. The parties agreed to stay any administrative action against D.K. and J.K. pending the outcome of this appeal.

¶7 A district court may correct a clerical error in a previously-issued decision at any time and without leave of this Court providing the case at issue is not on appeal. M. R. Civ. P. 60(a) (Rule 60). We have instructed, however, that the error to be corrected must be clerical rather than judicial and the correction must not alter the substantive rights of the parties. *Davenport v. Odlin*, 2014 MT 109, ¶ 15, 374 Mont. 503, 327 P.3d 478. "Where an error is not clerical, but judicial, a court lacks jurisdiction to amend its order outside of the time limitations and process prescribed by the Rules of Civil Procedure." *Davenport*, ¶ 15. Here, the District Court's "clarifying" order—issued 7 months after its original order dismissing D.K. and J.K. from all proceedings with prejudice—did not correct any clerical error but rather substantively and adversely altered the rights of D.K. and J.K. by allowing the Department to pursue administrative action against them based upon "issues and allegations" that arose in the dependent neglect proceeding with E.E.

¶8 The Rules of Civil Procedure do not provide for a "motion for clarification." Rather, the rules provide for a motion to alter or amend a judgment which must be filed no later than 28 days after the entry of the challenged judgment. M. R. Civ. P. 59(2)(e).

4

*See also* M. R. Civ. P. 52(b) ("On a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings . . . and may amend the judgment accordingly."). E.E.'s motion for clarification was clearly a motion to amend the court's previous judgment on substantive grounds, and was untimely under the foregoing rules. Moreover, the District Court did not provide D.K. and J.K. an opportunity to be heard before issuing its order, as required under Rule 59(d).

¶9　The Department argues that D.K. and J.K.'s June 15, 2015 appeal should be dismissed as untimely. It asserts that the notice of appeal should have been filed no later than April 8, 2015, *i.e.*, within 30 days from entry of the May 9, 2015 order. M. R. App. P. 4(5)(a)(i). The Department further contends that it was not required to file a notice of entry of judgment under M. R. Civ. P. 77(d) for the order because it was an order arising from a Rule 60 motion. We disagree. The motion for clarification did not rely on Rule 60 in seeking relief. In fact, nowhere in the Joint Motion and Brief for Clarification of Order of Dismissal or its attachments do the movants even refer to Rule 60. Moreover, as discussed above, applicable Rules 52, 59, and 60 do not provide for motions to clarify.

¶10　Notably, it was the Department that moved for dismissal of D.K. and J.K. from the dependent neglect proceeding and the former guardians agreed provided the dismissal was with prejudice. A final order dismissing them with prejudice was entered and the Department did not seek to amend the order within 28 days. Nor did the Department file a Rule 77 notice of entry of judgment for either the August 7, 2014 dismissal order or the March 9, 2015 clarification order. In *In re Alexander*, 2011 MT 1, ¶ 12, 359 Mont. 89, 246 P.3d 712, we stated that because no notice of entry of judgment was filed in that

5

case, husband's appeal filed approximately one year after the entry of the challenged order was timely. For this reason, we conclude that D.K. and J.K.'s appeal was timely.

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for unpublished opinions. In the opinion of this Court, this case presents questions clearly controlled by settled law.

¶12 For the foregoing reasons, we vacate the District Court's March 9, 2015 Order.


/S/ PATRICIA COTTER


We Concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA

6