DA 16-0148

FILED

03/07/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0148

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2017 MT 50N

IN RE THE MARRIAGE OF:

DEBRA TVETENE,

       Petitioner and Appellee,

  and

GREGG TVETENE,

       Respondent and Appellant.

APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DR 15-0022
Honorable Gregory R. Todd, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

         Jock B. West, West Law Firm, P.C., Billings, Montana

      For Appellee:

         Stephen C. Mackey, Towe, Ball, Enright, Mackey & Summerfeld,
PLLP, Billings, Montana

Submitted on Briefs:  February 1, 2017

Decided:  March 7, 2017

Filed:

_____
Clerk

Justice Dirk M. Sandefur delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports. [1]

¶2 Gregg Tvetene (Gregg) appeals the findings of fact, conclusions of law, and final decree of the Thirteenth Judicial District Court, Yellowstone County, that ended his 12-year marriage with Debra Tvetene (Debra). Gregg disputes the apportionment of the marital estate, award of maintenance, and order to pay Debra's attorney's fees. We affirm.

¶3 Section 40-4-202, MCA, governs the distribution of assets and property in a marriage dissolution proceeding. The statute vests a district court with broad discretion to apportion the marital estate in a manner equitable to each party under the circumstances. *In re Marriage of Bartsch*, 2007 MT 136, ¶ 9, 337 Mont. 386, 162 P.3d 72. We initially review a district court's division of marital property and maintenance award to determine whether the findings of fact upon which the division is based are clearly erroneous. *In re Marriage of Swanson*, 2004 MT 124, ¶ 12, 321 Mont. 250, 90 P.3d 418 (citations omitted). Absent clearly erroneous findings, we will affirm a district

---

[1] Appellant's reply brief timely arrived at the Court on February 8, 2017, after two continuances. The Court considered Appellant's argument presented in the reply brief in reaching the decisions set forth by this Memorandum.

court's division of property and award of maintenance unless we identify an abuse of discretion. *In re Marriage of Crilly*, 2005 MT 311, ¶ 10, 329 Mont. 479, 124 P.3d 1151. In a dissolution proceeding, the test for an abuse of discretion is whether the district court acted arbitrarily without employment of conscientious judgment or exceeded the bounds of reason resulting in a substantial injustice. *Crilly*, ¶ 10 (citation omitted).

¶4      At the time of proceedings, Gregg held a 40% share in Trebro Holding Inc. (hereinafter "Trebro") and played a principal role in three, interconnected, family-owned, corporations. Because he acquired his Trebro stock by inheritance or gift prior to the marriage, Gregg argues the District Court erroneously included his Trebro stock as part of the marital estate for distribution. Gregg further asserts that Debra did nothing to enhance Trebro's value and claims the court assigned a speculative value to his 40% share. Gregg cites *Arnold v. Sullivan*, 2010 MT 30, 355 Mont. 177, 226 P.3d 594, for the proposition that "assets belonging to a spouse prior to marriage, or acquired by gift during the marriage, are *not a part of the marital estate* unless the non-acquiring spouse contributed to the preservation, maintenance, or increase in value of that property." *Arnold*, ¶ 28 (quoting *Bartsch*, ¶ 21) (emphasis added).

¶5      We based the cited language from *Arnold* on a long line of authority that imprecisely construed § 40-4-202, MCA, to require exclusion from the marital estate of prior-acquired, gifted, or inherited property when equitable to distribute that property to the acquiring spouse. *Arnold*, ¶ 28. We have since clarified that § 40-4-202, MCA, requires the district court:

3

to equitably apportion between the parties *all assets and property of either or both spouses, regardless of by whom and when acquired. This directive applies to all assets, including pre-acquired property and assets acquired by gift, bequest, devise or descent. The party claiming ownership of the pre-acquired, bequested or gifted property is entitled to argue that it would be equitable to award him or her the entirety of such property.* Accordingly, when distributing pre-acquired property or assets acquired by gift, bequest, devise or descent, the court must also consider the contributions of the other spouse to the marriage, and take account of the three factors set forth at § 40-4-202(1)(a)-(c), MCA. The court's decision with respect to this category of property must affirmatively reflect that each of these factors was considered and analyzed, and must be based on substantial evidence. However, we stress that while the factors set forth in § 40-4-202(1)(a)-(c), MCA, must be considered by the court, they are not limitations on the court's obligation and authority to equitably apportion all assets and property of either or both spouses, based upon the unique factors of each case.

*In re Marriage of Funk*, 2012 MT 14, ¶ 19, 363 Mont. 352, 270 P.3d 39 (emphasis added). Contrary to our imprecise language in *Arnold*, all assets and liabilities of either or both spouses, regardless of how and when acquired, are part of the marital estate as a matter of law, notwithstanding that equity may warrant distribution to the acquiring spouse on the facts and circumstances of a particular case. *See Funk*, ¶¶ 24-26 (overruling inconsistent line of authority). The question is not whether prior-acquired, gifted, or inherited property is part of the marital estate but, rather, how should the court equitably apportion such property between the parties under the totality of relevant circumstances. Therefore, the District Court correctly included Gregg's 40% Trebro interest in the marital estate for equitable apportionment.

¶6     As required by *Funk*, the court duly considered Debra's nonmonetary contributions during the marriage both as a homemaker and to the Trebro business

4

enterprise. Debra worked for a Trebro subsidiary for a number of years, sometimes for compensation, sometimes not. She provided homemaking services and facilitated Gregg's ability to carry out his employment responsibilities and to travel extensively on behalf of Trebro. The court determined Debra's efforts directly and indirectly contributed to Trebro's success during the course of the parties' marriage.

¶7 The District Court heard testimony regarding the history, success, restructuring, and debt load of Trebro. At the time of the hearing, Gregg owned a 40% share of the business. Gregg testified that each of his two brothers received a 9% interest in Trebro in 2013, in exchange for forgiving a company debt to each in the amount of $2,500,000, plus accrued interest. In 2014, Gregg valued the net worth of his 40% Trebro stock interest at $2,000,000 in his application for a consumer loan from Western Security Bank. Gregg's accountant testified that Trebro was an I.R.C. subchapter S pass-through entity. Previously, when Gregg was the principal shareholder, the business had generated substantial net operating losses. Gregg used those losses to off-set other income for federal income tax purposes. The accountant valued the carry-over net operating losses available to Gregg in 2015 at about $680,000. Gregg offered no independent, professional valuation of Trebro at the hearing.

¶8 A district court has broad discretion in determining the value of property in a dissolution proceeding and is free to adopt any reasonable valuation supported by the record. *Funk*, ¶ 28. The district court may value marital property based on credible expert testimony, lay testimony, documentary evidence or any combination thereof.

5

*Crilly*, ¶ 19 (citing *In re Marriage of Helzer*, 2004 MT 352, ¶ 15, 324 Mont. 371, 102 P.3d 1263). This Court will not disturb any reasonable valuation based on the substantial credible evidence presented. *Funk*, ¶ 28 (citing *In re Alexander*, 2011 MT 1, ¶ 16, 359 Mont. 89, 246 P.3d 712).

¶9 Substantial credible evidence supports the District Court's $2,000,000 valuation of Gregg's 40% Trebro interest. In apportioning the assets and liabilities of the parties, the Court awarded the entire 40% interest to Gregg, as well as the business's carried-over net operating losses, valued at $680,000. The court properly distributed all marital assets and liabilities based on supported findings of fact and non-arbitrary consideration of all pertinent equitable criteria under § 40-4-202, MCA. Valuing the total marital estate at $3,112,476, the Court apportioned 87% to Gregg and 13% to Debra. We affirm the Court's distribution of the marital estate.

¶10 Spousal maintenance is proper where the seeking spouse lacks sufficient property to provide for his or her reasonable needs, the spouse is unable to support himself or herself through appropriate employment, and the other spouse has sufficient property or income to pay maintenance while providing for his or her own reasonable needs. Section 40-4-203(1), MCA; *Crilly*, ¶ 29. Absent clearly erroneous findings of fact, a district court's award of maintenance is reviewed for an abuse of discretion. *Patton v. Patton*, 2015 MT 7, ¶ 57, 378 Mont. 22, 340 P.3d 1242.

¶11 The District Court made numerous findings regarding the financial resources available to each party. At the time of the hearing, Gregg's monthly income included

$1,000 in salary and $6,000 in corporate dividends. His Trebro compensation also included the use of two cars, cell phone service, and costs associated with mooring his boat in Portland, Oregon, such as an annual $550 slip fee, $100 electricity bill, and $1,000 marine insurance. The court further noted that Gregg's Trebro compensation did not reflect the full extent of his resources.

¶12 Since her separation from Gregg, Debra was forced to sell her car and pawn her jewelry for support. The District Court noted Gregg paid only one $3,000 support payment during the pendency of this action despite repeated motions. Debra worked part time as a bartender and earned $10 per hour, plus tips. The court imputed Debra's monthly gross pay at $1,983. Debra estimated her monthly living expenses to be $4,580.

¶13 The District Court determined Debra lacked sufficient assets to provide for her reasonable needs and was unable to be self-supporting through her employment. To calculate an appropriate maintenance, the District Court used Debra's estimate of monthly expenses, subtracted her imputed gross monthly income, and eliminated $850 as an unsubstantiated expense. The court discussed each factor enumerated by § 40-4-203(2), MCA, and ordered Gregg to pay $1,750 monthly maintenance for a period of ten years to provide for Debra's reasonable needs and to allow Debra to become self-supporting. The court's findings of fact are supported by substantial credible evidence. Finding no abuse of discretion, we affirm the court's award of spousal maintenance.

¶14 Pursuant to § 40-4-110, MCA, a district court may order a party to pay the other party's reasonable professional fees incurred in maintaining or defending a dissolution proceeding. We review a district court's award of attorney's fees in a dissolution action for abuse of discretion. *In re Marriage of Dennison*, 2006 MT 56, ¶ 23, 331 Mont. 315, 132 P.3d 535. This Court will not disturb an award of fees if the order is supported by substantial evidence. *Weibert v. Weibert*, 2015 MT 29, ¶ 10, 378 Mont. 135, 343 P.3d 563.

¶15 The District Court found significant income disparity between the parties. The court's equitable apportionment of assets and liabilities left Debra with real and personal property and a retirement account, but no income-producing assets. The court determined that Debra was unable to pay her reasonable attorney's fees, while Gregg was able to do so without substantial impairment of his ability to provide for his own reasonable needs. We affirm the court's discretionary award of attorney's fees.

¶16 In conclusion, we affirm the District Court's equitable distribution of the parties' marital property, spousal maintenance award, and attorney fee award.

¶17 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent.

/S/ DIRK M. SANDEFUR

8

We concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER

Justice Jim Rice, concurring.

¶18    In assessing the apportionment of the marital estate, the maintenance award, and the attorney fee award, I believe the District Court gave inadequate consideration to the fact, evidenced by the failure to explicitly mention it or factor it into the analysis, that Gregg developed his now-lucrative business interests in the Trebro companies by the investment of 19 years, at least, of hard work before he and Debra were married.  Neither does the Court's Opinion specifically mention this fact.  The District Court correctly found that Gregg now has "well compensated employment," but gave short shrift to the years of pre-marital effort Gregg undertook to achieve that status.  Evident from the record here, building a successful small business takes both great personal effort and great financial risk, and Gregg's two decades in such an endeavor should be seriously considered in the making of equitable decisions about the marital estate.

¶19    The standard of review does not permit me to substitute my judgment for the District Court, even if I would have decided the case differently, merely because I feel it leans to unfairness.  *See In re Marriage of McCormack*, 223 Mont. 410, 412, 726 P.2d 319, 321 (1986) (citing *Kowis v. Kowis*, 202 Mont. 371, 377, 658 P.2d 1084, 1087 (1983)) ("The District Court has far-reaching discretion in making property divisions. The reviewing court does not substitute its judgment for that of the trial court, and will

9

not alter a judgment unless it finds an abuse of discretion, i.e., that the trial court acted arbitrarily without employment of conscientious judgment or exceeded the bounds of reason resulting in substantial injustice."). Because I believe the District Court's decisions fell sufficiently within the realm of its discretion to avoid legal error, I must concur in the Court's Opinion.

/S/ JIM RICE